Commonwealth *v.* Muth, Appellant.
Commonwealth *v.* Weik, Appellant.

Argued May 25, 1959.  Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*John W. Beyer,* with him *Arnold, Bricker, Beyer & Barnes,* for appellant.

*Richard M. Martin,* Assistant District Attorney, with him *William C. Storb,* District Attorney, for appellee.

OPINION BY MR. JUSTICE McBRIDE, July 24, 1959:

While a Pennsylvania State Trooper was patrolling U. S. Route No. 222 about one mile north of Quarryville in the Township of Providence, Lancaster County, a truck operated by defendant Weik passed him in the opposite direction and spilled part of a load of stone on the patrol car. The trooper, noticing that the truckload was unusually high, turned his car around and pursued it. A little more than a mile thereafter he halted the truck in Strasburg Township and examined Weik's weight slip. This showed that the gross weight was unlawful.

During a conversation with Weik another truck approached which was also owned by the owner of the Weik truck and when it reached them the trooper stopped defendant Muth, the operator, and examined his weight slip. This truck was also unlawfully overweight.

The trooper requested both operators to go with him from Strasburg Township to the office of a justice of the peace in Providence Township, where he signed informations against them charging them with violation of Section (a) of the Act of May 1, 1929, P.L. 905, Art. IX, §903, as amended, 75 P. S. §453, which makes it unlawful to operate a commercial vehicle on any

highway with a gross weight in excess of that provided for the various classes of vehicles therein described.[1] Each information alleges that the offense occurred in Providence Township.

The transcript filed by the justice of the peace does not disclose the entry of either a not guilty or guilty plea[2] but states that in the case of Weik, a fine and costs of $853.50 were paid by his employer and that no hearing was requested. In the case of Muth, the same situation appears except that the fine and costs amounted to $403.50. We therefore treat both cases as if a hearing had been waived. Thereafter both Weik and Muth petitioned the court of quarter sessions for allowance of an appeal which was granted and a hearing was held. At the hearing it was stipulated that the testimony in both cases would be the same except as to weight. The court, after a hearing *de novo,* found the defendants guilty and sentenced each respectively to pay the aforesaid fines and costs. From these judgments of sentence Weik and Muth appealed to the Superior Court which affirmed. This Court, on petition, allowed an appeal from the decision of the Superior Court. On appeal here, the issues and records of both cases were consolidated for argument and will be disposed of in one opinion.

Although three questions have been presented to us, we are of the opinion that only one merits serious discussion.[3] Defendants contend that since they were

---

[1] It also specifically provides: "For the enforcement of this section all peace officers shall have the power to arrest on view for violation of any of the provisions of this section."

[2] There was testimony before the court that the defendants pleaded guilty before the justice but this is not borne out by the transcript.

[3] In passing, however, we disapprove one sentence contained in the majority opinion of the Superior Court. There, speaking of the evidence as to overweight, the Superior Court said: "At that

arrested in Strasburg Township they were improperly taken back to Providence Township and hence the justice who heard the case was without jurisdiction. The Act of May 1, 1929, P. L. 905, Art. XII, §1211, as latest amended, 75 P. S. §741, provides *inter alia*: "Whenever an arrest is made upon view . . . under the provisions of this section,[4] the officer making the arrest shall forthwith take the defendant before the nearest available magistrate in the city, borough, incorporated town, or township, where the alleged offense occurred." The arrest, however, does not of itself constitute the commencement of a judicial proceeding. It is necessary after having arrested the accused that the arresting officer file an information. Such informations "shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township, in the county where the alleged violation occurred: . . ." Act of May 1, 1929, P.L. 905, Art. XII, §1201 as amended, 75 P. S. §731.[5] These provisions are mandatory and jurisdiction depends upon their observance.

time the owner was thoroughly familiar with the overweight charge and if any doubt existed, could have weighed the truck to show its contents at that time. No such evidence was produced by the defendant and it must therefore be assumed that such evidence would not have been favorable to the defendant had it been produced." No such assumption may be made in a suit for a fine or penalty whether it be before a justice on a summary proceeding, before a court of record in assumpsit or on appeal from either. See *City of Philadelphia v. Cline*, 158 Pa. Superior Ct. 179, 44 A. 2d 610.

[4] The section provided that members of the Pennsylvania State Police are peace officers and have authority throughout the Commonwealth to arrest on view, on Sunday or any other day, when in uniform any person *violating* any of the provisions of The Vehicle Code. It also contains certain exceptions not herein shown to be pertinent. (Emphasis supplied).

[5] This section also contains exceptions not herein shown to be pertinent.

*Commonwealth v. Gill,* 166 Pa. Superior Ct. 223, 70 A. 2d 700. The real issue is—what is it that The Vehicle Code requires the arresting officer to do? The quarter sessions court and a majority of the Superior Court held that the legislature clothed the arresting officer with discretion to take the offender before the "nearest available magistrate" in either Strasburg or Providence Township without regard to the municipal boundary lines of the place wherein he was arrested. The defendants, supported by the minority opinion of the Superior Court, contend that the legislature commanded the arresting officer to take the accused to the magistrate who is nearest available to the place where the arrest was made.[6] There is no other appellate authority directly in point.

Where the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. But we are pertinently told by the Statutory Construction Act[7] that when the words are not explicit, the intention of the legislature may be ascertained by considering among other matters: ". . . (1) the occasion and necessity for the law; . . . (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation. . . ."

Previous to the present provisions of The Vehicle Code, it was only necessary that informations "shall be made before a mayor, burgess, magistrate, alder-

---

[6] It is conceded that the justice before whom the defendants were taken was the nearest available in Providence Township but it is not shown that he was the nearest available to the point of arrests or that there was not one in Strasburg Township who was both available and nearer.

[7] Act of May 28, 1937, P. L. 1019, Art. IV, §51, 46 P.S. §551.

man, or justice of the peace, *within the county* where the offense is alleged to have occurred."[8]  Thus it is seen that the purpose of the later legislation was to delimit the authority of a peace officer to take persons arrested on view for summary offenses to any committing magistrate in the county and to make it mandatory that he take the person so arrested to "the nearest available magistrate in the city, borough, incorporated town, or *township* where the alleged offense occurred" and that he should file an information "before the nearest available magistrate within the city, borough, incorporated town, or *township* in the county where the alleged violation occurred."

These venue provisions were inserted for the purpose of preventing oppression.  They were designed to prevent officers from harassing motorists who violate the code by taking them to a magistrate at a distant point in the county, and also to prevent an improper alliance between the magistrate and the officer in the prosecution of violators.

Ordinarily, the place where the arrest is made on view and the place where the alleged offense occurred are the same.  This is the place where the policeman sees the offense committed.

The case is not free of difficulty where, as here, we are dealing with a continuing offense.  What does "nearest available" mean?  Nearest available to what?  There must be some point from which to judge.  In the case of a continuing offense as many as a dozen different justices might be the "nearest available" if the officer is permitted to select any point along the journey as being the point of reference.  It would de-

---

[8] Act of June 30, 1919, P. L. 678, §29 as amended by Act of May 16, 1921, P. L. 582, §14 and by Act of June 14, 1923, P. L. 718, §25.  Repealed by §1301 of Art. XIII of Act of May 11, 1927, P. L. 886.

feat the whole purpose of the legislation and introduce confusion if we were to accept such a view of the situation. That would permit a peace officer to follow an overloaded truck for many miles and then make the arrest at any place *he* names as the place where the violation occurred. It is his duty to make the arrest as soon as it reasonably may be made and thus prevent further violation. There is an order of primacy in such matters and it is the jurisdiction in which the offender is arrested which has first call upon him. Obviously the legislature ordained that at the earliest time consistent with the circumstances of the case the offender be delivered from executive authority into judicial authority so that there be no arbitrary interference with his right to a hearing or the furnishing of bail.

The authority conferred upon state policemen to arrest on view as was done here applies only to ". . . any person *violating* any of the provisions of this Act . . .".[9] Thus it would appear that the offense for which the arrest on view is made must be the one which is being committed at the time the arrest is made. It is for this offense that jurisdiction of the person of the accused then attaches.

Although the law was violated both in Providence Township and in Strasburg Township, the "offense" for which defendants were arrested was that committed in Strasburg Township. It was therefore the duty of the arresting officer to bring the offender to the nearest available magistrate in Strasburg Township. Instead he ignored, through inadvertence, the just claim of Strasburg Township to adjudicate this proceeding[10]

---

[9] Act of May 1, 1929, P. L. 905, Art. XII, §1211, as amended. 75 P.S. §741.

[10] In this connection it is significant to note that fines and penalties collected for violation of the section herein involved are

and brought the offender back to Providence Township. Our conclusion as to *arrests on view* is in accord with the legislative mandate as to *arrests on warrant.* In the latter instance where the circumstances justify the issuance of a warrant, it is the duty of the officer who serves such warrant to take the defendant before a magistrate in the municipality where the arrest is made in order to facilitate entry of bail or waiver of hearing. Act of May 1, 1929, P. L. 905, Art. XII, §1202, as amended, 75 P. S. §732. Certainly the legislature did not intend to invest peace officers with greater discretion when arresting without warrant than when arresting with one.

We hold that under the circumstances of this case, the magistrate in Providence Township did not have jurisdiction. Such question could be raised even though defendants waived a hearing. *Commonwealth v. Germsback,* 167 Pa. Superior Ct. 106, 74 A. 2d 489.

The judgments of the Superior Court are reversed and appellants Muth and Weik are discharged.

payable to the treasurer of the township wherein the violation occurred. Act of May 1, 1929, P. L. 905, Art. XII, §1207 as amended 75 P.S. §737.