418

## Commonwealth v. Way

*Robert C. Wise*, for Commonwealth.

*H. Alvan Baird*, for defendant.

WILLIAMS, P. J., September 25, 1959.—Defendant, Roy R. Way, was clocked by a State policeman for speeding on the main highway in Brady Township, Lycoming County. He was traveling in a southerly direction and all of the clocking was done in Brady Township. In stopping defendant, however, the policeman followed him approximately 400 feet into Union County.

The action for speeding was brought before the justice of the peace of Brady Township.

Defendant waived a hearing before the justice of the peace, and at the end of the trial before the court, defendant moved to dismiss the action for lack of jurisdiction of the Brady Township justice of the peace.

Defendant complains because he was taken before the justice of the peace of Brady Township in this county. He argues that this justice of the peace did not have jurisdiction and cites Commonwealth v. Muth, 397 Pa. 106. In the Muth case the Supreme Court ruled

that the arresting officer in a continuing offense must take the accused to the justice of the peace in the jurisdiction in which the offender is arrested and held that such justice of the peace is the "nearest available" under the direction of The Vehicle Code of May 1, 1929, P. L. 905 art. XII, sec. 1201, as amended, 75 PS §731. The Supreme Court stated that it is the duty of the officer to make the arrest as soon as it reasonably may be made and thus prevent further violation, but if the offense continues through several jurisdictions, then the justice of the peace where the arrest is made has jurisdiction.

In the instant case, however, defendant was clocked for speeding in Brady Township. The officer only followed defendant into Union County a short distance in order to make the arrest. The offense occured in Brady Township near the border of the two counties, and inasmuch as The Vehicle Code of 1929, as quoted above, also directs that informations shall be brought in the township and county in which the alleged violation occurs, the Brady Township justice had jurisdiction. In order to sustain a charge of speeding it is necessary for the apprehending officer to take the speeding time by following the alleged defendant at least one-eighth of a mile and he did this in this case, but in Brady Township. The officer did not time defendant in Union County but was merely apprehending him in order to make the arrest. There is no question in the court's mind that defendant was speeding and therefore the court finds defendant guilty of this charge.

### Order

And now, September 25, 1959, the sentence of the court is that you, Roy R. Way, pay the costs of prosecution and a fine of $10 to be paid to the Supervisors of Brady Township, Lycoming County.