## Commonwealth v. Greenwood

*John R. Morgan*, for Commonwealth.

*Davis Hobbs*, for defendant.

TREMBATH, P. J., January 8, 1963. — Defendant waived hearing on a charge of speeding. At the hearing it developed that defendant was clocked while proceeding west on U.S. Route 6 between Tunkhannock Borough and Meshoppen Borough. Between these two boroughs the said road crosses the townships of Tunkhannock, Washington, and Meshoppen—Tunkhannock Township being the most easterly, and Meshoppen Township the most westerly thereof.

The arresting officer was apparently unaware that the road passed through Meshoppen Township. He testified that he clocked defendant for a distance of two miles in Washington Township at the rate of 65 miles per hour; on cross examination, it appeared that he stopped and arrested defendant in the vicinity of the Meshoppen Borough, Meshoppen Township line, and that he clocked defendant for two miles east of the

Meshoppen Borough line. The record does not show that defendant was clocked for any distance within the Borough of Meshoppen.

Justice of the Peace Carter testifying for defendant said that he could not exactly locate the Meshoppen Township, Washington Township line where it crossed Route 6, but said the said line was between two and three miles east of Meshoppen Borough. On official county maps, the distance scales exactly two miles.

It also appears from the testimony that there was no justice of the peace in Meshoppen Township at the time of the arrest. The proceedings were begun before a justice of the peace in Washington Township more than two miles from the place of arrest. The record clearly shows that the office of Justice of the Peace Carter of Meshoppen Borough was within 150 feet of the place of arrest.

Counsel for defendant rested for his authority on the case of Commonwealth v. Muth, 397 Pa. 106. In the Muth case, the Supreme Court held that where the offense charged was a continuing offense, running through two or more municipalities, as in case of overloading, that the information must be laid before the nearest available magistrate in the community where the arrest was made. In the Muth case, there was no question but that defendant was arrested in one of the municipalities in which defendant was overloaded.

In the case before this court, it is clear that defendant was stopped by the officer within the Borough of Meshoppen, but it is not clear that any part of the continuing offense took place within the Borough of Meshoppen. While the offense may have begun in Washington Township and continued into Meshoppen Township, the arrest was in Meshoppen Borough.

The Vehicle Code of April 29, 1959, P L. 58, sec. 1201, provides: That the officer must take the defendant before the nearest available magistrate in the town-

ship or municipality where the violation occurred. ". . . or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before *such nearest* available magistrate in any adjoining city, borough, incorporated town, or township in the county . . ." Applying the law in the Muth case to the facts in the case before the court, it was the duty of the officer to take defendant before the nearest available magistrate within the Township of Meshoppen. Since there was no person holding the office of justice of the peace in the Township of Meshoppen the above-quoted section of the statute applies and the information had to be brought before "such nearest available magistrate in any adjoining . . . borough . . . or township."

Meshoppen Township is adjoined by Meshoppen Borough and Washington Township and the words "any adjoining borough or township" are satisfied by an arrest made before a justice of the peace in either Meshoppen Borough or Washington Township, but the language "such nearest available magistrate," is not so satisfied. The statute as pointed out in the Muth and other cases, is solicitous that defendant operator of a motor vehicle should be taken to the justice of the peace nearest to where defendant was actually stopped and arrested. The Muth case established that where the offense continued from one municipality into another that "nearest available" meant nearest to the point of arrest. We hold that where there is no justice of the peace in the municipality in which a continuing offense ends, that the act requires that defendant be taken before the magistrate of an adjoining municipality whose office is nearest to the point of arrest, and that the words "such nearest available magistrate" can have no other meaning.

And now, January 8, 1963, proceedings are quashed and defendant is dismissed.