## Commonwealth v. Reed

*William C. Hart,* for Commonwealth.

*George K. Hanna,* for defendant.

SWEET, P. J., April 12, 1966.—Alex Reed, of Hookstown, Pa., was unquestionably guilty of overload on May 1, 1965, in Hanover Township. His 81,600 pounds exceeded the allowed weight by some 10,455 pounds and brought about a fine of approximately $2,000 and costs. Quite understandably, he seeks refuge in a technicality of procedure.

Reed was apprehended by Peter Duni of the township police at 11:20 p.m. while proceeding west on Route 22. The arrest took place outside Paris in Hanover Township, between the offices of Squire Hitchcock and Squire Pugh, four tenths of a mile closer to Pugh's than to Hitchcock's office. Both are in Hanover on Route 22, the one to the west, the other to the east.

Earlier that evening, Officer Duni had a conversation with Squire Pugh, who told him he would not be available before midnight. Accordingly, Duni took defendant directly to Hitchcock, after weighing the load. Reed now assigns this as error and asks us to apply the principles of Commonwealth v. Muth, 397 Pa. 106 (1959), and to find that Squire Hitchcock was without jurisdiction under the provisions of The Vehicle Code of April 29, 1959, P. L. 58, sec. 731, as amended, 75 PS §731.

Was Hitchcock the nearest available magistrate? Must this prosecution fail because of the actions of the policeman in taking Reed one mile east instead of six tenths of a mile west, all on Route 22 in Hanover?

We have carefully considered Commonwealth v. Muth, supra. The case holds that to take defendant

out of the political subdivision of the arrest into another when there is an available magistrate in the subdivision of the arrest is to forfeit jurisdiction:

"It was therefore the duty of the arresting officer to bring the offender to the nearest available magistrate in Strasburg Township. Instead he ignored, through inadvertence, the just claim of Strasburg Township to adjudicate this proceeding and brought the offender back to Providence Township".

This doesn't apply for us—both squires were elected and sat in Hanover and Hanover will receive the penalty money, if the appeal fails.

Commonwealth v. Muth, supra, also says this:

"Obviously the legislature ordained that at the earliest time consistent with the circumstances of the case the offender be delivered from executive authority into judicial authority so that there be no arbitrary interference with his right to a hearing or the furnishing of bail".

This would seem to indicate that the nearest available squire is the most quickly available one, and would tend to support Duni's choice of Hitchcock, who was ready to act, while Pugh was not in the office.

Commonwealth v. Muth, supra, also says that:

"These venue provisions were inserted for the purpose of preventing oppression. They were designed to prevent officers from harassing motorists who violate the code by taking them to a magistrate at a distant point in the county, and also to prevent an improper alliance between the magistrate and the officer in the prosecution of violators".

We would feel it a strain here to call Hitchcock's office one mile away a distant point, and there is no hint of any improper alliance. Timewise, it was quicker for Reed to go to Hitchcock's place of business. At the modest speed of 30 miles per hour, it would take 2 minutes to go there; it would take 1 minute 12 seconds

to go to Pugh's, where an empty office and a delay of at least 40 minutes awaited him before Pugh would be available. If Officer Duni had read Muth, he would surely have taken Reed to Squire Hitchcock to get him into the hands of judicial authority at the first possible moment.

We should consider the term "substantial" distance. It was said in Commonwealth v. Gill, 166 Pa. Superior Ct. 223 (1950), that: "The general rule is qualified to the extent that where there is no substantial difference in the distances from the place of the offense to the offices of two or more magistrates within the municipality the information may be filed with any one of such magistrates". If we hold that the difference in the distance is substantial, it is to Reed's advantage. If it be deemed not substantial, no harm was done to him by taking him to Hitchcock. If one had to walk the distance, perhaps four tenths of a mile might be considered substantial, although it is only eight minutes' pace at parade speed. Here, Reed went by truck on a concrete highway. We are inclined to say that under the circumstances of this case, and for this purpose, four tenths of a mile is not a substantial difference.

Commonwealth v. Grittner, 28 D. & C. 2d 71, 8 Lyc. 184 (1962), on which defendant relies heavily, is not really in point. There, it was necessary to pass the office of one squire to get to the office of the other to whom the police took defendant. Obviously, the police may not pass in front of the office of an available squire to get to another: Commonwealth v. Alexander, 7 Cumb. 200 (1957); Commonwealth v. Long, 75 York 66 (1960). Also, Grittner is weakened as precedent here because the 1,650 feet of additional distance was measured along a dirt road, not the regular highway, and, significantly, the squire who did not get the business complained of the action of the police. On the facts be-

fore us today, it is Pugh himself who proclaimed his unavailability. In Commonwealth v. Stubenazy, from Bucks County, 25 D. & C. 2d 439 (1961), on facts diagramatically like ours, it was held that 350 feet is not a substantial distance, and also that there is a presumption of regularity of procedure, which defendant must overcome.

In Commonwealth v. Esayian, 182 Pa. Superior Ct. 146 (1956), the word "available" is defined for the purposes of this very inquiry. It was held that " 'Available' means 'capable of being made use of, at one's disposal, within one's reach' ". When Pugh said he would not be available before midnight, he meant just that. He would not be at the officers' disposal or reach; they could not make use of him before midnight.

It would be an unreasonable thing for us to require that Magistrate Pugh should remain constantly in his place of business; it would be more unreasonable for us to say that Duni should have checked on Pugh to see if he was in, when he had already reported off for the evening. Reed would have liked it even less, at the time, if he had been confined in the lockup until Monday morning on the chance that a squire four tenths of a mile closer to the place of arrest might then turn up available.

In view of all the foregoing, we are obliged to hold that Commonwealth v. Muth, supra, does not compel the exoneration of defendant, but rather that the officers of Hanover Township have complied with its meaning and spirit. We find that Squire Pugh was not available at the time of arrest; we find that the slightly greater distance to Squire Hitchcock's office is not substantial; and that no outrageous errors in procedure have taken place here which would overcome the presumption of regularity. Appeal dismissed at appellant's cost.

Concurring: McCune and Curran, JJ.