## Commonwealth v. Venturella

*Edward B. Bell,* District Attorney, and *Joseph J. Nelson,* Assistant District Attorney, for Commonwealth.

*Cusick, Madden, Joyce, Acker & McKay,* for defendant.

STRANAHAN, J., October 13, 1966.—This matter is before the court on a rule to show cause why informations filed at the above captioned numbers and terms should not be quashed. Defendant, Charles Venturella, was charged on July 20, 1966, by the Pennsylvania State Police with violations of section 1004, art. 10 of The Vehicle Code of April 29, 1959, P. L. 58, as amended (driving to left of center line), and section 1002, art. 10 of said code (speeding).

The question to be decided in this opinion has been stipulated by the defense counsel and the District Attorney. The issue is:

When a defendant is arrested for speeding and driving to the left of center line, must he be taken to the nearest available justice of the peace from the place where the speeding and driving to the left of center line occurred, or to the nearest available justice of the peace from the place where he was stopped by the officer?

It would appear from the facts of this case that the Pennsylvania State Police filed their information before the justice of the peace who was the nearest available justice from the place where the violation occurred, but not the nearest justice of the peace from the place where defendant was stopped.

The answer to the issue in this case appears in section 1201(a) of The Vehicle Code, 75 PS §1201 (a), providing in part:

"Informations charging violations of any of the

summary provisions of this act . . . shall be brought before the nearest available magistrate within the city, borough, . . . in the county where the alleged violation occurred, . . ."

We believe this language to clearly indicate that the information must be filed before the nearest available justice of the peace at the place where the violation occurred, rather than the place where defendant was stopped.

Defendant relies upon the case of Commonwealth v. Muth, 397 Pa. 106. The Muth case is readily distinguishable from the present case in that in the Muth case, defendant was charged with driving an overloaded truck. The offense of driving a truck which is overloaded is a continuing offense and, therefore, as the truck passes through various boroughs and townships, an offense is taking place in each jurisdiction. The case of Commonwealth v. Muth holds that an officer is required to stop and arrest under such circumstances as soon as reasonably possible, and that the jurisdiction in which defendant is stopped and arrested by the officer is the jurisdiction where the information should be filed and in which the offense occurred.

The present case, however, does not involve a continuing offense, but rather a situation where the offense occurred, but by the time the officer can stop defendant, defendant has proceeded further, and he is now closer to a different justice of the peace than he was at the time the violation occurred. However, the nearest available justice of the peace to the place where the alleged violation occurred has jurisdiction, not the closest available justice of the peace to the place where defendant was stopped.

This matter is controlled by Commonwealth v. Way, 19 D. & C. 2d 418, in which this very question was properly considered by the court.

90

We, therefore, rule that in the present case, the State policeman was correct in filing the information in the manner and at the place that it was filed.

ORDER

And now, October 13, 1966, the motion to quash the information is refused.