## Commonwealth v. Diventi

*Edwin N. Popkin*, for Commonwealth.
*Robert T. Burke*, for defendant.

BODLEY, J., October 4, 1968. — This matter comes before the court upon appeal from conviction and imposition of a fine for violation of the overweight section of The Vehicle Code of April 29, 1959, P. L. 58, sec. 903, as amended, 75 PS §903. The pertinent facts, spread on the record by counsel by way of stipulation, are not disputed. The appeal will be sustained.

On November 16, 1967, at approximately 5:45 p.m., appellant was driving a combination tractor-trailer rig, having five axles, through the Borough of Bristol on Route #13. The permissible maximum gross weight of such a rig is 71,145 pounds. It was later determined that the rig, in fact, weighed 84,950 pounds, thus indicating an overweight of 13,805 pounds. At the time and place in question, a police officer of Bristol Borough, who was patroling in an easterly direction on Route #13, noticed the overweight tractor-trailer unit traveling in the opposite direction and, thereupon, made a U-turn to pursue the vehicle.

In due course, the police officer brought the vehicle to a stop, but, fortuitously, the place where the rig came to a halt lay over the geographical boundary line between Bristol Borough and Bristol Township. The Bristol Borough police officer instructed appellant to drive the rig to a scale located in Bristol Borough, where the overweight mentioned above was determined. He then issued the driver a ticket and took him before Eugene Spadaccino, admittedly the nearest available justice of the peace within Bristol Borough, where a complaint was duly lodged under oath, charging violation of the section indicated above, that is to say, section 903 (d). Hearing thereon was held November 22, 1967, at which time appellant pleaded not guilty, but was nevertheless found guilty by the justice of the peace and the statutory fine was thereupon imposed. The fine, in due course, was paid on November 30, 1967, and this appeal followed.

It is appellant's position that the violation occurred in Bristol Township rather than Bristol Borough, and, relying upon Commonwealth v. Muth, 397 Pa. 106 (1959), that therefore the offense should have been prosecuted before the nearest available justice of the peace in Bristol Township. Factually, counsel stipulated that one of the two Bristol Township justices of the peace was available at the time in question.

Section 1201 of The Vehicle Code provides, inter alia:

"(a) Informations, charging violations of any of the summary provisions of this act . . . , *shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred* [providing then for certain exceptions not here relevant] . . . , or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought be-

fore such nearest available magistrate in any adjoining city, borough, incorporated town, or township in the county, within fifteen (15) days after the commission of the alleged offense and not thereafter . . ." (Italics supplied.)

It is clear that the legislature has mandated that a summary offense such as this must be prosecuted before that justice of the peace, if available, who is within the municipality and located nearest to the place of the alleged violation. This is a jurisdictional requirement and it requires no citation to support the proposition that failure to abide by this requirement is fatal to the proceedings when the issue is raised.

However, the problem confronted by the courts is the question of just where the "alleged violation" occurs. In Commonwealth v. Muth, supra, the court was concerned with an overweight case in which a State Police officer (whose jurisdiction is statewide) observed an overweight vehicle in one township and apprehended it in a second township. There, the arresting officer brought the defendant back to the first township and instituted proceedings. The court, after holding that the "nearest available magistrate" provision cited above is mandatory and that jurisdiction depends upon its observance, went on to say:

". . . It is his duty to make the arrest as soon as it reasonably may be made and thus prevent further violation. There is an order of primacy in such matters and it is the jurisdiction in which the offender is arrested which has first call upon him". Commonwealth v. Muth, supra, at page 113.

The Supreme Court's determination was made without concern over the fact of arrest, other than that it was an arrest on view. The harm the court sought to avoid, and interpreted section 1201 of The Vehicle Code as being directed against, was that which would permit a police officer to choose his forum in the case

of a continuing offense. The evil which might follow a contrary view, where a State Police officer is concerned, is so clear that it requires no elucidation.

On the other hand, the case before us involves a borough police officer whose powers of arrest are limited by The Borough Code of February 1, 1966, P.L. (1965) 1656, sec. 1121, 53 PS §46121. Such officers may lawfully arrest, for offenses other than felonies, only within the borough, or upon land owned by the borough but located outside the borough limits. Clearly the evil of forum hopping is not to be found in such case.

Although section 903 of The Vehicle Code, with which we are here concerned, empowers all peace officers to arrest on view for violation of the overweight section of the code, such authorization cannot enlarge upon the limitations imposed by The Borough Code mentioned above, 53 PS §46121. Obviously, then, the borough police officer was without power to "arrest" within the geographical limits of Bristol Township. His powers of arrest in such an instance were confined to Bristol Borough. Although the offense of overweight is a continuing one, so that a proper arrest might be made from township to township, should the vehicle continue upon its way, yet until the defendant is apprehended and the arrest effected, the offense is inchoate: Commonwealth v. Schubert, 207 Pa. Superior Ct. 88 (1965).

While a violation did, in fact, occur within Bristol Borough, the offense, being a continuing one, also was committed in Bristol Township, where appellant was stopped. Notwithstanding the statutory limitations upon the Bristol Borough officer's powers of arrest noted above, the rule explicated in Muth required that the complaint be filed before the nearest available justice of the peace in the township.

The officer here did exactly that which the Supreme Court admonished peace officers to do in its opinion in Muth; namely, he stopped the overweight vehicle as soon as it was practicable to do so in order to prevent any further continuance of the violation. He cannot be criticized for this but, rather, commended. However, as indicated above, the borough police officer had no power of arrest within the township where the "violation" occurred. In such case, he should not have permitted the vehicle to proceed in continuing violation of the statute. Under such circumstances, his only reasonable and lawful course of action required that he enlist the aid of a police officer from the township in order that a lawful arrest might be made and the mandated procedural steps be taken.

True, the police officer in the case before us might have noted the vehicle registration number of the rig within the borough and, in due course, he might have caused a summons to have been issued under The Vehicle Code. But by that time, the evidence of the violation would have disappeared unless, by chance, a certified weight slip were obtainable. Although we take notice of the understandable desire of a peace officer to prosecute overweight violations within his own municipality in order that the prescribed fine, often substantial as in this case, be paid into his town's general fund, rather than that of his neighbor's, we do not perceive the alternatives noted above to present him with a Hobson's choice. His primary interest is, of course, the enforcement of the law.

The writer of this opinion has reached the foregoing conclusion with reluctance in view of the peculiar facts of the case, so unlike those found in Muth. Yet our Supreme Court has interpreted the law without equivocation, and we are bound by it. If any exception is to be made, it must be provided for by the legislature.

ORDER

And now, to wit, this October 4, 1968, the within appeal is sustained, and the court finds defendant, Joseph Diventi, not guilty. Accordingly, the Borough of Bristol shall reimburse appellant for the fine and costs heretofore paid.