## Commonwealth v. Gerber

*Norbert J. Powell, District Attorney,* for Commonwealth.

*Gordon J. Daghir,* for defendant.

GREINER, P. J., October 9, 1968.—Trooper Picard of the Pennsylvania State Police, while on routine patrol at approximately 12:30 a.m., July 30, 1968, gave chase to the defendant's vehicle being operated at a high rate of speed in a southerly direction along Pennsylvania Route 255, a major two-lane paved public highway. He followed defendant approximately 2 miles and clocked him for a distance of just under 1 mile at a speed of 90 miles per hour in a properly posted 55 mile per hour zone in Fox Township, Elk County. Realizing that he could not maintain sufficient speed to apprehend defendant (the roadway generally being winding and hilly), and knowing that his fellow trooper Simms was patroling further south along the same route 255, he radioed Simms to assist in overtaking and apprehending defendant. Simms responded by giving chase through part of Fox Township, Elk County and into Jay Township, Elk County. In Jay Township he clocked defendant for one half mile at 95 miles per hour in a properly posted 55 mile per hour zone. In Jay Township, when Simms attempted to "pull over" defendant by sounding his siren, the electrical system shorted leaving him without headlights, forcing him to slow down, pull to the berm and permit Picard to pass him and apprehend defendant.

As a result Picard filed information before Justice of the Peace, Hazel Smith, the only justice of the peace

in Fox Township, charging defendant with operating his motor vehicle in Fox Township at a speed of 90 miles per hour in a 55 mile per hour zone. Simms filed information before Nancy A. Russell, the only justice of the peace in Jay Township, charging defendant with operating his motor vehicle in Jay Township at a speed of 95 miles per hour in a 55 mile per hour zone, both in violation of article 10, sec. 1002, sub-section (b) (6), of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002. Defendant waived hearing and posted bond in both cases, the first relating to Fox Township being to April Sessions 1968 no. 86, and the second relating to Jay Township being to April Sessions 1968, no. 87.

Defendant relies upon Commonwealth v. Muth, 397 Pa. 106 (1929), which in the case of an overloaded truck passing through two townships, involved the interpretation of what The Vehicle Code requires of the officer arresting on view with respect to the statutory requirement that he "take the defendant before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred".[1] The court said, commencing at page 112:

"These venue provisions were inserted for the purpose of preventing oppression. They were designed to prevent officers from harassing motorists who violate the code by taking them to a magistrate at a distant point in the county, and also to prevent an improper alliance between the magistrate and the officer in the prosecution of violators.

"Ordinarily, the place where the arrest is made on view and the place where the alleged offense occurred are the same. This is the place where the policeman sees the offense committed.

---

[1] Section 1201, art. 12 of The Vehicle Code, supra.

"The case is not free of difficulty where, as here, we are dealing with a continuing offense. What does 'nearest available' mean? Nearest available to what? There must be some point from which to judge. In the case of a continuing offense as many as a dozen different justices might be the 'nearest available' if the officer is permitted to select any point along the journey as being the point of reference. It would defeat the whole purpose of the legislation and introduce confusion if we were to accept such a view of the situation. That would permit a peace officer to follow an overloaded truck for many miles and then make the arrest at any place he names as the place where the violation occurred. It is his duty to make the arrest as soon as it reasonably may be made and thus prevent further violation. There is an order of primacy in such matters and it is the jurisdiction in which the offender is arrested which has first call upon him. Obviously the legislature ordained that at the earliest time consistent with the circumstances of the case the offender be delivered from executive authority into judicial authority so that there be no arbitrary interference with his right to a hearing or the furnishing of bail".

Does the instant case present such a "continuing offense" as contemplated by the Muth case as requires the same absolute jurisdictional protection to preserve the principles enunciated therein? We think not. Although Picard was uncontradicted in his testimony that defendant at no time reduced his speed during the course of his chase in Fox Township and until he was finally apprehended in Jay Township and in spite of the fact that Picard sought the assistance of Simms in apprehending defendant for the initial violation in Fox Township, it is apparent that neither Picard nor Simms harassed defendant by attempting to take him before anyone other than the nearest available justice of the peace in their respective townships. There is

certainly no evidence of "an improper alliance between the magistrate and the officer in the prosecution of violators".[2] Although neither the Commonwealth nor the defendant raised the issue of "nearest available magistrate", to further clarify the record the court takes judicial notice of the fact that both magistrates are approximately the same distance (4 miles) from the site of arrest. With respect to the first arrest for the Fox Township violation we also concur in Judge Stranahan's opinion in Commonwealth v. Venturella, 41 D. & C. 2d 87 (1966), citing Commonwealth v. Way, 19 D. & C. 2d 418 (1959). With respect to the second violation in Jay Township we accept as true the testimony of Simms that he clocked defendant in Jay Township for more than the minimum required distance at a speed which was actually greater than that clocked by Picard in Fox Township. Defendant having been taken before the nearest available magistrate in each of the townships involved, the respective justices of the peace before whom the informations were filed had jurisdiction and the State Police officers were correct in filing informations in the manner and place they were filed. In accordance with the foregoing opinion we make the following

ORDER

Now, October 9, 1968, defendant is found guilty as charged to April Sessions 1968, no. 86, and sentenced to pay a fine of $10 and costs of prosecution and in default thereof shall undergo imprisonment for five days and he is also found guilty as charged to April Sessions 1968, no. 87, and sentenced to pay a fine of $10 and costs of prosecution and in default of payment thereof shall undergo imprisonment for five days to run consecutive with the sentence imposed to April Sessions 1968, no. 86.

---

[2] Muth case, supra p. 112.