## Commonwealth v. McCloskey

*C. William Freed,* for Commonwealth.

*C. David Krewson,* for appellant.

BODLEY, J., October 15, 1968.—On December 6, 1967, appellant was arrested on view in the Borough of Quakertown and charged with violating section 903 (d) of The Vehicle Code of April 29, 1959, P. L. 58, sec. 903, as amended, 75 PS §903, relating to the lawful gross weight of vehicles. Following the arrest, an information was lodged before Kathryn L. Stump, a justice of the peace in and for the Borough of Trumbauersville, Bucks County, Pa. Shortly thereafter, a hearing was held during which defendant entered a guilty plea. The lawful fine was then imposed.

An appeal was allowed by this court upon appellant's allegation that the said Kathryn L. Stump was not the nearest available justice of the peace and that she was therefore without jurisdiction over the "alleged violation". The Borough of Quakertown, through its solicitor, thereupon filed a motion to quash the appeal alleging, first, that the taking of the appeal constituted a waiver of all procedural defects, including the question of jurisdiction over the person of defendant; and, second, that by virtue of the entry of a guilty plea before the justice of the peace, appellant had thereby waived his right to question jurisdiction of his person. These questions, having been argued before the court en banc, are before us for disposition.

While we agree with the general propositions set forth in the motion to quash, we cannot agree that we are here dealing with either procedural defects in the justice of the peace proceedings or with jurisdiction of appellant's person. The motion to quash the appeal must therefore be dismissed.

Briefly stated, it would appear that the matter raised on this appeal relates not to jurisdiction of the person, but rather to jurisdiction of the subject matter. The former question is properly raised by certiorari and is waived by the taking of an appeal, just as procedural defects may thus be waived, but the latter is never waived and can be raised on appeal: Commonwealth v. Delikat, 12 Bucks 306 (1961); Yentzer v. Taylor Wine Company, 409 Pa. 338, 342 (1962); Dougherty v. Stein, 18 Bucks 46 (1968). Jurisdiction of the cause of action, or subject matter, cannot be conferred by agreement or consent of the parties. It can be raised at any time and, if found to be not present, the proceedings must fail: Calabrese v. Collier Township Municipal Authority, 430 Pa. 289, 293 (1968).

The Vehicle Code provides that:

". . . Informations, charging violations of any of the summary provisions of this act . . . shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred . . . [with certain qualifications not here pertinent] or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town, or township in the county . . .": The Vehicle Code of April 29, 1959, P. L. 58, sec. 1201, as amended, 75 PS §1201(a).

It is our considered opinion that section 1201(a) provides not merely a venue limitation, but a subject matter definition for summary offenses of The Vehicle Code. In Commonwealth v. Williamson, 84 D. & C. 342, 2 Bucks 71 (1952), this court, on a certiorari to the justice of the peace, expressly held the section to define subject matter jurisdiction. Accord: Commonwealth v. Leyland, 3 D. & C. 2d 40 (1955);

Commonwealth v. Deitrich, 10 Chester 493 (1962); Commonwealth v. Miller, 44 D. & C. 2d 524 (1968).

Compliance with this provision is mandatory and it is only through such compliance that jurisdiction of the subject matter is acquired: Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 227 (1950); Commonwealth v. Muth, 397 Pa. 106, 110 (1959); Commonwealth v. Schubert, 207 Pa. Superior Ct. 88 (1965). Although it is clear that a justice of the peace has general jurisdiction over offenses punishable upon summary conviction which are committed anywhere within the county, Act of April 26, 1929, P. L. 824, no. 356, sec. 1, 42 PS §391, it is equally clear that The Vehicle Code, by section 1201, supra, has limited the jurisdiction of the justice of the peace in the language quoted above with respect to motor vehicle violations.

It is here noted that the transcript in this matter explains that Justice of the Peace Stump assumed jurisdiction because of the alleged unavailability of certain other justices. However, judicial notice is taken of the fact that the justice of the peace before whom this matter was brought not only was *not* the nearest available justice of the peace within the Borough of Quakertown, but further she was not a justice of the peace in any adjoining municipality. See section 1201 of The Vehicle Code, supra. One traveling from the Borough of Quakertown to the Borough of Trumbauersville necessarily would traverse a route through both Richland Township and Milford Township.

We are mindful of the fact that the Superior Court, in construing much the same language as that in section 1201(a) of The Vehicle Code, prior to the more recent amendments, held that the common sense construction of the language, "or if there is no person *holding* the office of magistrate in such city, borough, incorporated town, or township ... ," permitted the filing of an information with a justice of the peace within

an *adjoining* township upon proof by the Commonwealth that no person was "actively exercising the duties" of justice of the peace in the municipality where the alleged offense occurred: Commonwealth v. Gill, supra, at page 229. Whether or not this holding permits the jumping of two or more municipalities, as in the case at bar, or whether or not the Commonwealth might be able to prove that no person was actively exercising the duties of justice of the peace within the townships of Richland and Milford at the time in question, we do not here decide. We are only concerned with the issues raised by the motion to quash appellant's appeal. Accordingly, the motion to quash must be dismissed in order that the substantive question raised on appeal might be properly decided following the completion of the record.

ORDER

And now, to wit, this October 15, 1968, the motion to quash is dismissed. Costs upon the Borough of Quakertown.