**Nyman License**

*John R. Miller,* and *Miller, Kistler, Lee & Campbell,* for appellant.

*John L. Geiser,* for Commonwealth.

CAMPBELL, P. J., July 28, 1970.—On March 19, 1969, the State Police followed defendant on a nocturnal "speed trial run" through portions of Clinton and Centre Counties. Defendant was clocked for going 95 miles per hour in a 55-mile zone in Clinton County and, without a "pit or refueling stop," was clocked in Centre County for traveling 110 miles per hour in a 55-mile zone. Informations were filed against defendant in both Centre and Clinton counties. Without

advice of counsel, defendant paid the fine and costs on the charge in Centre County on April 7, 1969, and likewise paid the fine and costs on the Clinton County charge on April 8, 1969.

The Secretary of Revenue suspended defendant's operating privileges effective May 19, 1969, for a period of 120 days for his conviction in Centre County of April 7, 1969. Defendant obeyed this suspension order.

The Secretary of Revenue now seeks to suspend defendant's operating privileges again for a period of 150 days for the Clinton County prosecution of April 8, 1969, and for the excess accumulation of points resulting therefrom. From this latter suspension order, defendant appeals.

The facts are clear. The police officer made one continuous chase through portions of two adjoining municipalities, stopping defendant only at the end thereof. In doing so, he made a clock in each municipality.

We would agree that speeding is not in the true sense a continuing offense as, for example, an overloaded vehicle. See Commonwealth v. Muth, 397 Pa. 106 (1959). The continuing offense doctrine would appear appropriate and applicable only when it is necessary to determine jurisdiction or venue, with which we are not here concerned.

We are called upon to decide the issue as to whether or not a police officer may make multiple arrests for the same type of violation as a result of a single continuous pursuit. We answer this question in the negative. To permit multiple charges under these circumstances offends the court's traditional notion of fair play and substantial justice. By preventing multiple charges for the same offense, the possibility of oppression and of creating a severe hardship on a defendant are reduced. Where municipalities are in close prox-

imity, a police officer should not be allowed to follow a defendant through two or more and file the same type of charge in each municipality.

Although not controlling, we would adopt in part the rationale of Commonwealth v. Muth, supra, that it is the duty of the police officer to stop defendant as soon as it reasonably may be done after a violation is determined in order to prevent a further violation. When stopped, the officer should have the right and duty to charge defendant in accordance with any one valid speed clock completed during the chase.

We, therefore, set aside defendant's conviction of a violation of section 1002-B-6 of The Vehicle Code of April 29, 1959, P. L. 58, dated April 8, 1969. It, therefore, follows that the order of suspension of the Secretary of Revenue is invalid. Defendant's appeal is sustained and the suspension order is set aside.