HONEYMAN, J.,
— Defendant, Carmen T. Rulli, was charged with a violation of section 1002(b)(9) of The Vehicle Code of May 1, 1929, P. L. 905, which states, inter alia:
“(b) . . . speeds in excess of the maximum limits hereinafter provided shall be unlawful: . . .
“(9) . . . the Secretary of Highways may, after due investigation, establish certain speed zones with a sixty (60) mile an hour speed limit on State highways outside of business and residence districts, where traffic conditions and other conditions of the highway make it safe to operate motor vehicles at the maximum speed provided by this clause.
“Any such established speed zone shall be indicated by the erection of official signs, spaced not less than one-eighth (Vs) of a mile apart, on the right-hand side of the highway facing the traffic to be controlled, and at the end of the speed zone there shall be an official sign indicating the end of such speed zone.”
In this regard, a hearing was held before Justice of the Peace Richard E. Evans. After the hearing on March 26, 1970, defendant was found guilty as charged, and fined $10 and the costs.
Defendant thereafter applied for a writ of certiorari which was allowed by order of the Hon. J. William *685 Ditter, Jr. Exceptions were duly filed and the case was argued on January 8, 1971. This opinion follows.
On February 14, 1970, defendant was clocked at a speed of 110 miles per hour while traveling in Lower Pottsgrove Township. By the time the officer who was clocking defendant brought him to a halt, the vehicles had passed into North Coventry Township, which is in Chester County. There, defendant was arrested and taken before a justice of the peace in Lower Pottsgrove Township, Montgomery County.
From these facts, counsel for defendant raises six exceptions to the record of the justice of the peace:
1. The sentence and judgment of Justice of the Peace Richard E. Evans was void, invalid and contrary to the laws of the Commonwealth in that the information was defective because it charged the wrong person with the alleged offense.
2. The justice of the peace did not have jurisdiction of the subject matter as revealed by the testimony of Officer Swavely to wit: the offense of speeding was a continuing offense into North Coventry Township, Chester County, Pa., where defendant was stopped.
3. The record of the justice of the peace fails to sustain the conviction in that the certificate of speedometer accuracy was defective and not made a part of the record.
4. The proceedings before the justice of the peace were irregular and improper as a matter of law.
5. The sentence and judgment of the justice of the peace was void, invalid and contrary to the laws of the Commonwealth in that the elements of the charge were not proven at the hearing.
6. The record of the justice of the peace fails to support the conviction and judgment of the said justice of the peace.
*686 Since the jurisdiction of the justice of the peace involved is questioned, we will first consider the second exception taken by defendant.
According to the Rule of Criminal Procedure 154(b) promulgated for the minor judiciary in Pennsylvania:
“Whenever an arrest is made without a warrant for any summary offense arising under The Vehicle Code . . . the defendant shall be taken and the proceeding shall be brought either where the offense allegedly occurred, or before the issuing authority for any magisterial district which, in the judgment of the arresting officer, is most convenient to the place of arrest without regard to the boundary lines of any magisterial district or county.”
The above-quoted section was in effect at the time of the occurrence related herein. Under these provisions, the jurisdiction of the Lower Pottsgrove justice of the peace is established. According to the transcript filed by the justice of the peace, the clocking of defendant’s vehicle took place in Lower Potts-grove Township. As such, the offense was completed in Lower Pottsgrove. In Commonwealth v. Way, 19 D. & C. 2d 418 (1959) the facts are virtually identical with the instant case. In Commonwealth v. Way, defendant was clocked in one township and followed and stopped in a second township. The court held that since the violation occurred in the first township, that justice had proper jurisdiction. See also Commonwealth v. Gerber, 46 D. & C. 2d 38 (1968), and Commonwealth v. Venturella, 41 D. & C. 2d 87 (1966), for the same proposition. The case of Commonwealth v. Muth, 397 Pa. 106 (1959), cited by defendant is not applicable here. That case was an overweight case, and the court properly held that such was a continuing offense and jurisdiction lay with the nearest available magistrate to the point of arrest.
*687 Of more importance, however, was the court’s indication that the reason for this ruling was to prohibit forum shopping, whereby a police officer could follow such an overweight vehicle until it was near to a particular justice and then make the arrest. The thrust of the Muth case, therefore, is to discourage the formation of illegal alliances between the police and certain justices.
In Gerber, supra, which was a speeding case, defendant was clocked in his race through two separate townships. Speeding charges were lodged against him in both. The court found defendant guilty on both. In so doing, the court held that this case did not consist of such a continuing offense as contemplated by Muth. This was substantiated, since the court found no evidence of any improper alliance between the troopers and the justices of the peace. Likewise in the instant case, the offense of speeding was established in Lower Pottsgrove Township. The earliest possible place of apprehension was in North Coventry Township, Chester County. From these facts and the authority cited above, jurisdiction was properly vested in the Lower Pottsgrove justice of the peace, on the complaint based upon the speeding offense in that township.
The first exception was not pressed at argument nor in defendant’s brief and is obviously groundless. The third through sixth exceptions raised by defendant are equally without merit. Each raises questions which are evidentiary in nature or attack the regularity of the justice’s record. The third exception, which is evidentiary in nature, is not properly before the court on a writ of certiorari. Certiorari to a court of common pleas is limited to a narrow review of the record which confines our inquiry to the regularity of the proceeding and the jurisdiction of the magistrate. We do not, as the appellate courts do, *688 consider the proceedings on a broad certiorari touching evidentiary matters: Commonwealth v. Kuzma, 37 Erie 325 (1953): Commonwealth v. Williams et al., 92 Montg. 86 (1970).
The fourth, fifth and sixth exceptions attack the regularity of the justice’s record. This court’s review of that record shows it to be substantial and regular on its face. Further, a justice’s court is not a court of record and there is no obligation on the part of the justice to make a complete record of the testimony heard by him: Commonwealth v. Robinson, 65 Montg. 19 (1948). Also in Commonwealth v. Battistella, 34 D. & C. 2d 201 (1964), at pages 203-04, it was held that courts should apply the principle of leniency when they examine the record of the minor judiciary. At page 203, the court stated:
“The records of a justice of the peace are not reviewed with ‘hypercritical nicety to discover technical defects . . .’”
ORDER
And now, this March 2, 1971, the exceptions to the record of Justice of the Peace Richard E. Evans are dismissed, the writ of certiorari discharged, and the judgment of the justice of the peace affirmed.