## Commonwealth v. Miller

*Henry Moore,* Assistant District Attorney, for Commonwealth.

*William C. Kuhn,* for defendant.

ACKER, J., January 11, 1968.—The matter for decision arises from an arrest of defendant by the Sharpsville police for a series of occurrences on September 10, 1965, at about 4 a.m. on Mercer Avenue in Sharpsville and North Buhl Farm Drive in Hickory Township. The matters heard were: (1) Failure to stop at a stop sign (for which defendant was found guilty by this court and is not here for consideration); (2) driving 55 m.p.h. in a 35 m.p.h. speed zone, and (3) unlawfully refusing to identify or show registration cards to a police officer. All claimed to be in violation of The Vehicle Code.

The information charges defendant with a violation of subsection a, section 1221, of the Act of April 29, 1959, P. L. 58, 75 PS §1221a, by refusing to identify or show registration cards upon request of an officer being in full uniform who had been in pursuit of defendant for approximately one mile.

The evidence failed to establish that defendant had any knowledge or reason to know that he had, in fact, been pursued for one mile or any part thereof. All of the other elements of the offense were clearly established. The information, as supported by the testimony, further disclosed that the violation occurred in Hickory Township but that defendant was charged before a justice of the peace in Sharpsville of this along with the other two above-mentioned violations.

The defendant waived a hearing, posted his bond as to all charges and appealed to this court.

At the conclusion of the Commonwealth's testimony, defendant, for the first time, raised as a defense the failure of the Sharpsville police to lodge the charges before the nearest available magistrate in Hickory Township where the offense, in fact, occurred as required by The Vehicle Code: Act of September 1, 1965, P. L. 448, sec. 1, 75 PS §1201.

The Commonwealth answers, contending that defendant by posting bond thereby lost the right to now question either jurisdiction or venue.

Our Supreme Court has held jurisdiction may be raised even though defendant may have waived a hearing: Commonwealth v. Muth, 397 Pa. 106 (1959).

The Superior Court in Commonwealth v. Schubert, 207 Pa. Superior Ct. 88, at page 90 (1967), has held that the question was properly raised on appeal when never previously heard or contended in the lower court. That same court has also held that lack of jurisdiction may be taken advantage of at any stage of the proceedings: Commonwealth v. Germsback, 167 Pa. Superior Ct. 106 (1950).

It has been likewise held that the jurisdiction of the subject matter can always be raised on appeal in a summary proceeding from a justice of the peace: Commonwealth v. Gill, 166 Pa. Superior Ct. 223 (1950).

Therefore, defendant properly raised the issue before this court.

The Commonwealth, however, further contends that, in that the refusal to show the proper identification was following defendant's being "chased" and "clocked" in the Borough of Sharpsville, even though the arrest itself occurred in the Township of Hickory, because defendant was being pursued, Sharpsville has jurisdiction. This argument must fail, because there was no evidence that defendant knew that he was being chased or that he failed to stop on request or signal. Even if this were regarded as a "continuing offense", the place of arrest, if made as quickly as is reasonable, is the place where the charges must be filed: Commonwealth v. Muth, supra, at page 113. Here, the refusal to identify occurred in defendant's own backyard, in Hickory Township; therefore, the court must rule that defendant was brought before an improper magistrate and dismiss defendant as to that charge.

Finally, defendant is charged with exceeding a 35 mile posted speed zone upon Mercer Avenue in the Borough of Sharpsville in violation of section 1002-B-4 of The Vehicle Code: Act of April 29, 1959, P. L. 58, sec. 1002, as amended, 75 PS §1002.

This statute requires, inter alia, that within business or residential districts, where signs are erected by proper authority on the right-hand side of the highway facing traffic, a driver must obey the direction of reducing speed to that designated upon the sign for one-eighth of a mile beyond. If it is to be extended, there must be additional signs not greater than one-eighth of a mile apart.

The Commonwealth offered testimony that there was a sign near the entrance to "Georgetown South". There was no testimony as to whether the sign was north or south of the entrance. Further, the testimony disclosed that the "chase area" was either four-tenths

or one-half mile and there were two additional signs within that area. The Commonwealth offered no testimony as to where the signs were, in fact, located. Nor was there any evidence that the signs were, in fact, within a business or residential district.

At the conclusion of the Commonwealth's testimony, defendant demurred and this court reserved decision. Reluctantly, the demurrer must be sustained.

The statute is penal in nature and, therefore, must be strictly construed: Commonwealth v. Anspach, 134 Pa. Superior Ct. 369 (1938), at page 371. The first sign would be effective in controlling a reduction of speed for one-eighth of one mile or 660 feet. It is required, however, by section (d) (1) of the same statute that defendant be timed for a distance of not less than one-fourth mile. This requires, therefore, at least one additional correctly posted sign. The additional sign need not be exactly one-eighth of a mile, but reasonably close: Commonwealth v. Pluta, 26 D. & C. 2d 693 (1961). The Commonwealth's testimony disclosed that there were two additional signs within the "chase area", but supplied no testimony as to where they were positioned. Four-tenths of one mile is 2,112 feet, while one-half mile is, of course, 2,640 feet. The one correctly posted sign provides for but 660 feet, leaving 1,452 of "chase area" unexplained. This does not satisfy the burden of the Commonwealth.

In addition, the statute requires the posting to be ". . . within business or residential districts, or public park areas, . . ." No Pennsylvania case has been found dealing specifically with the failure of the Commonwealth to prove this element. However, in Commonwealth v. Anspach, supra, the Superior Court noted that the Commonwealth failed to show that the signs were erected on a one-way or a two-way street. It would appear to this court that whether the posted zone is, in fact, residential in nature is a necessary

element. A residential district is defined as "the territory contiguous to a highway, not comprising a business district, when the frontage on such highway for a distance of three hundred (300) feet or more is closely built up with dwellings, or by dwellings and buildings in use for business": Act of April 29, 1959, P. L. 58, sec. 1, 75 PS §102.

This matter is of more than passing concern in this case, for the west side of Mercer Avenue is in the Borough of Sharpsville, while the east side is in the Township of Hickory. Hickory Township's side of the street developed and was built up much more rapidly than that on the west, the latter only recently having come under development. Whether the Sharpsville side of the road, in fact, meets the qualifications as being a "residential district", this court does not know nor was there any testimony supplied to permit a determination.

Therefore, defendant must be found not guilty of both charges.

ORDER

And now January 11, 1968, it is hereby ordered and decreed that defendant, Dennis Miller, is found to be not guilty of the alleged violation of section 1002-B-4 (speeding) and section 1221, subsec. A (refusing to identify); the costs to be placed upon the County of Mercer.