## Commonwealth v. Kunkle

*Rex Downie, Jr.,* for Commonwealth.
*Harold L. Roth,* for defendant.

ROWLEY, J., October 17, 1969.—On May 23, 1968, defendant was arrested in the Borough of New Brighton, Beaver County, and charged with a violation of the overweight provisions of The Vehicle Code of April 29, 1959, P. L. 58, sec. 903(d), 75 PS §903(d), as amended. Defendant posted bond and waived a hearing before the justice of the peace. A hearing was held before the court and from the record we make the following.

### FINDINGS OF FACT

1. On May 23, 1968, at approximately 7:15 p.m., defendant, Richard E. Kunkle, was operating a five-axle combination tractor and trailer on Third Avenue in the Borough of New Brighton, Beaver County, Pa.

2. Defendant was stopped by Officer John C. Ramer, of the New Brighton Police Department, and was directed to drive the rig to the Diamond Milling Company's scales at Fourth Street and Sixth Avenue in New Brighton.

3. Officer Ramer balanced the scales and then weighed the complete rig at one time.

4. The gross weight of the rig and load being operated by defendant was 80,450 pounds.

5. The maximum gross weight permitted for the type of rig being operated by defendant was 71,145 pounds.

6. The weight of defendant's vehicle and load was 9,305 pounds in excess of the weight allowed under the statute.

## DISCUSSION

Defendant did not take the stand to testify, nor did he offer any evidence to contradict that offered by the police officer. The only defense offered by defendant was by way of demurrer at the conclusion of the Commonwealth's testimony. It is defendant's contention that the Commonwealth is required to prove the accuracy of the scales used to weigh the defendant's rig. However, this court has repeatedly held that the Commonwealth is not obliged to prove the accuracy of the scales and that the weighing officer's testimony is prima facie evidence of the overload: Commonwealth v. Wilsher, 29 Beaver 187 (1969); Commonwealth v. Bell, 27 Beaver 169 (1966). Also see Commonwealth v. Brosseau, no. 188 of 1967 (not reported). In Commonwealth v. Schubert, 26 Beaver 189 (1965), the Hon. Morgan H. Sohn, then President Judge of this court, held that a prima facie case of overweight is established when the arresting officers testify that the vehicle was weighed and found to be overweight. Although reversed on other grounds, the Superior Court

of Pennsylvania held that a case of overweight had been made out by the evidence presented in that case: Commonwealth v. Schubert, 207 Pa. Superior Ct. 88 (1965). The issue was discussed in a very comprehensive opinion by Judge Diggins, of Delaware County, in Commonwealth v. Thurmond, 27 D. & C. 2d 470 (1962). Although defendant's counsel has urged his contention quite strenuously at oral argument and has filed a written brief in support thereof, we are not persuaded, after carefully reviewing our own cases, and Judge Diggins' opinion, that our prior decisions were in error. Therefore, we hold that the evidence presented by the Commonwealth, in this case, is sufficient to make out a prima facie case of overweight.

Defendant, at the hearing in this case, presented a written motion to quash the information on the ground that it was not specific and precise. His motion was denied at that time. We point out that the information does state the date and place of the violation. Both the tractor and trailer operated by defendant are described by registration numbers and make. The maximum gross weight of defendant's rig, the maximum gross weight allowed and the amount of overweight are all set forth in the information. Moreover, the section and subsection of The Vehicle Code violated are set forth in the information. We are satisfied that the information is sufficiently precise and specific to apprise defendant of exactly what the issues would be at his trial.

### CONCLUSIONS OF LAW

1. The tractor and trailer combination operated by defendant, Richard E. Kunkle, in the Borough of New Brighton, Beaver County, was a five-axle combination and subject to the provisions of section 903(d) of The Vehicle Code, supra, 75 PS §903(d), which limited the

gross maximum weight of the equipment to 71,145 pounds.

2. Defendant is subject to a fine of $1,800 and payment of the costs.

## ORDER

Now, October 17, 1969, defendant, Richard E. Kunkle, is adjudged guilty, and it is ordered and directed that he be and appear before the court for sentence on October 29, 1969, at 9:15 a.m., prevailing time, unless prior thereto he shall have paid a fine of $1,800 and costs.