Commonwealth *v.* Koons, Appellant.

Argued March 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Wm. H. Nast, Jr.*, for appellant.

*James G. Morgan, Jr.*, Assistant District Attorney, with him *LeRoy S. Zimmerman*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 11, 1970:

Appellant was arrested on May 5, 1968, in Lower Paxton Township, Dauphin County and charged with a violation of section 1002(b)(6) of The Vehicle Code, April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(6), for operating his automobile at a rate of speed which exceeded the applicable speed limit. After a hearing before a justice of the peace, appellant was found guilty of the charges. An appeal was heard before the Honorable CARL B. SHELLEY who found appellant guilty. *Commonwealth v. Koons*, 91 Dauph. 92 (1969).

The main issue with which we are faced on this appeal is whether the court below erred in its refusal to hear appellant's evidence that the justice of the peace who convicted him was not the nearest of two available magistrates in Lower Paxton Township. Section 1201 (a) of The Vehicle Code provides that an information charging violations subject to summary conviction "shall be brought before the nearest available magistrate within the city, borough, incorporated town or township in the county where the alleged violation occurred. . . ."[1] The court below refused to consider appellant's evidence on the ground that this question could only be reviewed on certiorari[2] and could not be

---

[1] This case arose prior to the adoption of Pa. R. Crim. P. No. 154, which affects the requirements of §1201(a) and, consequently, such rule is not here applicable.

[2] Appellant also filed an application for a writ of certiorari which was later withdrawn.

considered on appeal from the conviction to the court of quarter sessions. We disagree.

We have held many times that the provisions of §1201(a) of The Vehicle Code requiring summary proceedings to be brought before the nearest available magistrate are mandatory and that jurisdiction depends on their observance. *Commonwealth v. Schubert,* 207 Pa. Superior Ct. 88, 215 A. 2d 287 (1965); *Commonwealth v. Germsback,* 167 Pa. Superior Ct. 106, 74 A. 2d 489 (1950); and *Commonwealth v. Gill,* 166 Pa. Superior Ct. 223, 70 A. 2d 700 (1950). The Supreme Court agrees with us. *Commonwealth v. Muth,* 397 Pa. 106, 153 A. 2d 497 (1959). Such question may be raised at any stage of the proceedings. *Commonwealth v. Germsback,* supra. In *Commonwealth v. Schubert,* supra, it was raised for the first time when the appeal reached this Court. In none of the aforementioned cases was certiorari used to raise the question. To say now that the question must be raised by certiorari, which only attacks the record, would not only be contrary to our understanding of the right to raise a jurisdictional question, but would fly in the face of our cases.

The Commonwealth, citing *Muth* and *Schubert,* contends that a question of jurisdiction arises only where two or more political subdivisions are involved and that where, as in the case at bar, the issue is with which of two available magistrates within one political subdivision the charges should have been lodged, the issue is one of venue. This argument is put to rest not only by the express wording of the statute, but also by *Commonwealth v. Germsback,* supra, where a magistrate who was not the nearest available magistrate within a single political subdivision, in that case the City of Pittsburgh, was held not to have jurisdiction.[3]

---

[3] The Vehicle Code was amended in 1959 to provide that, in cities of the second class (Pittsburgh), informations in summary

Appellant also contends that he has a valid excuse for his admitted violation of the speed limit in that he was being pursued by an unknown party and feared for his safety. As appellant himself concedes, however, such excuse, even if credible, does not present a legal defense.

The judgment of the court below is reversed and the case remanded for further hearing to determine whether the information was brought before the nearest available justice of the peace. After such determination the court shall enter an appropriate judgment.

proceedings may be brought before "any police magistrate of the municipal traffic court of such city. . . ." Act of April 29, 1959, P. L. 58, §1201, 75 P.S. §1201(a).