## Commonwealth v. Ansell

*William R. Hughes,* Assistant District Attorney, for Commonwealth.

*James B. Yelovich* and *Shaulis, Kimmel & Rascona,* for defendant.

COFFROTH, P. J., January 13, 1971.—This is an appeal from the conviction of defendant for shoplifting under section 816.1 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4816.1, a summary offense.

The statute contains this sentence:

"A charge of shoplifting shall be brought before a

magistrate, alderman or justice of the peace in the city, borough, town or township in which the offense was committed; however, if there is no duly elected or appointed magistrate, alderman or justice of the peace in the city, borough, town or township in which the offense was committed, then a charge of shoplifting shall be brought before a magistrate, alderman or justice of the peace in an adjacent city, borough, town or township within the same county."

The alleged offense occurred in Somerset Township, in which two justices of the peace are commissioned: Harold D. Kimmel, Esq., under the old Constitution, and Elwood Dively, Esq., under the new Constitution whose district (3-3) embraces Somerset Township but whose office is in Somerset Borough. The prosecution was brought before P. G. Marenna, Esq., a justice of the peace in Somerset Borough under the old Constitution. The prosecuting officer gave as his reason for bringing the case before Mr. Marenna that Messrs. Kimmel and Dively were not available. It may be that Mr. Kimmel was not available on the day the officer elected to proceed. It is also true that Mr. Dively was disabled during the period in question, but that did not make a justice of the peace unavailable in his district because by order of this court, Constant N. Ferre, Esq., Justice of the Peace of Boswell (District 3-1) was formally assigned to Mr. Dively's district, as inquiry at Mr. Dively's office, which is open six days a week and staffed by a full time secretary, would readily have revealed. Also, there is no short-term statute of limitation on shoplifting, so that the prosecutor had ample time to obtain Mr. Dively or his substitute or Mr. Kimmel and thus to comply with the plain direction of the law.

Under these circumstances, counsel for defendant contends that Mr. Marenna was without jurisdiction and that the prosecution must, therefore, be dismissed.

On the other hand, the Commonwealth contends that the justice of the peace had jurisdiction and that only the venue in his court was improper. If the statutory direction is jurisdictional, the issue may be raised on appeal: Commonwealth v. Schubert, 207 Pa. Superior Ct. 88. On the other hand, if it is a matter of venue, that is procedural and not substantive (McGinley v. Scott, 401 Pa. 310), and is waived by taking an appeal: Commonwealth v. Conn, 183 Pa. Superior Ct. 144; Emerson v. Standard Protective Society of Pennsylvania, 48 Pa. Superior Ct. 313. Whether venue may be raised on certiorari, see Commonwealth v. Pennsylvania Milk Products Corporation, 141 Pa. Superior Ct. 282; Commonwealth v. Quinn, 215 Pa. Superior Ct. 78; Commonwealth v. Koons, 216 Pa. Superior Ct. 402, 404. In this case, defendant raises the question for the first time on appeal.

The distinction between jurisdiction and venue is really simple and well settled. Jurisdiction refers to the competency of a court to determine controversies of the general class to which a case presented for its consideration belongs, and to bind the parties to the litigation by its adjudication. Venue, on the other hand, is the place in which a particular action is to be brought and determined as a matter of convenience for litigants; it is the particular courtroom where the particular action should be heard and decided. See 39 P. L. E., Venue, §1; McGinley v. Scott, supra. In the latter case, the court also stated, page 316: "Jurisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties, while venue may always be waived." To the same general effect are: Potteiger v. Fidelity-Philadelphia, 424 Pa. 418, 421; Kaelin v. University of Pittsburgh, 421 Pa. 220; Simpson v. Simpson, 404 Pa. 247; County v. Livengood Construction Corporation, 393 Pa. 39; Brumm v. Pittsburgh National Bank, 213 Pa. Superior Ct. 443;

Schulman v. Wynnewood Company, 191 Pa. Superior Ct. 66, 68.

We frequently speak of the territorial jurisdiction of a court (Commonwealth v. Quinn, supra), but that is a confusing phrase. Territory may limit jurisdiction when we are speaking of the power of a Pennsylvania court to reach beyond the boundaries of the sovereign State (Commonwealth v. Graham, 367 Pa. 553; Giampalo v. Taylor, 335 Pa. 121 (1939)); but when we are speaking of the territorial restrictions upon a Pennsylvania court in one judicial district, as respects other judicial districts within the state, territory is venue. Thus, as to courts within a State, territorial jurisdiction is a misnomer; an effort to improve the phraseology can be found in Mid-City Bank & Trust Co. v. Myers, 343 Pa. 465, where the court uses the phrase "venue jurisdiction." Considerable confusion has resulted from the tendency of courts and lawyers to use the term "venue" and "jurisdiction" interchangeably: McGinley v. Scott, supra, page 318, footnote 2. There are two kinds of jurisdiction: of the type of action (subject matter) and of the person. Jurisdiction over the person is acquired by subjecting the persons of the litigant parties to the control of the court by appropriate process or by consent; but that sort of jurisdiction is not involved here because defendant was properly in court on due process. The issue here is whether Justice of the Peace Marenna had jurisdiction of the subject matter or class of controversy, namely, criminal prosecutions for shoplifting, a summary offense.

There would seem to be no doubt about the matter; justices of the peace are competent to try summary offenses, and shoplifting is a summary offense (see 42 PS §391); Mr. Marenna is a justice of the peace; QED, Marenna had jurisdiction of the subject matter

of the case, but since his is not the proper courtroom or place of trial, venue was improper. The same conclusion obtains even though the general class of case involved be regarded as shoplifting instead of the larger category of summary convictions; there is no question as to the competency of the court to handle either.

At common law, a legal proceeding brought in the wrong court, whether because the court lacked jurisdiction over the subject matter or because it lacked venue, was dismissed. If the statute of limitations had not expired, a new proceeding could be brought in the proper court so that, despite the error and loss of money and time involved, plaintiff or Commonwealth did not lose its remedy. But if the statute of limitations had expired, no other action could be brought, and the procedural error put the complaining or prosecuting party out of the court and the cause of action beyond adjudication, a harsh result. See 1 Goodrich-Amram §1006, Commentary, page 117 of 1970 Supplement. It would make more sense, better justice and improved efficiency if the action, instead of being dismissed, were transferred to the proper court, thereby obviating any problem of the statute of limitations or of beginning the action over again. Such a procedure was finally made applicable to civil actions where venue was improperly laid, but not until 1967 under Pennsylvania Rule of Civil Procedure 1006(e); the same principle was made applicable to justices of the peace under the new Constitution by Rule 155 adopted in 1969. Occasionally, a limited provision for transfer of a proceeding from one court in which it was erroneously filed to the proper court is found embodied in a statute: 17 PS §196 (erroneous appeal to Superior Court transferrable to Supreme Court); 17 PS §392 (murder indictment in Quarter Sessions

transferrable to Oyer and Terminer). But there is apparently no provision yet for general transfer of felony and misdemeanor prosecutions brought in the wrong county; in such cases, "venue jurisdiction" is an issue in the case and a guilty plea or verdict of guilty is conclusive upon the issue: Commonwealth v. Mull, 316 Pa. 424; Commonwealth v. McHugh, 189 Pa. Superior Ct. 515; Commonwealth v. Tarsnane, 170 Pa. Superior Ct. 265. See also Commonwealth v. Nailon, 416 Pa. 280; Commonwealth v. Voci, 393 Pa. 404; Commonwealth v. Wojdakowski, 161 Pa. Superior Ct. 250. In some of the cases just cited, the courts use the term "jurisdiction," in others the term "venue" is used, and in some both words are used interchangeably. See also dissenting opinions in Commonwealth v. Taub, 187 Pa. Superior Ct. 440. The transfer of jurisdiction and venue from one court to another is a problem which has not yet been solved comprehensively.

Defendant brings to our attention the decisions under the nearest available magistrate provisions of The Vehicle Code, 75 PS §1201, 1214, where, despite the fact that every justice of the peace has jurisdiction of the subject matter of summary vehicle code prosecutions, and despite the fact that the application of settled principles would render those code provisions merely a matter of venue, the courts have held them to be jurisdictional commands. Counsel for defendant wants us to do the same to the shoplifting statute.

After a promising start in Commonwealth v. Burall, 146 Pa. Superior Ct. 525, in which the court indicated that the nearest available magistrate procedure under The Vehicle Code was not jurisdictional, when the question again came before the Superior Court it opted for jurisdiction: Commonwealth v. Gill, 166 Pa. Su-

perior Ct. 223. In the latter case, and in Commonwealth v. Germsback, 167 Pa. Superior Ct. 106, the court asserted that if the magistrate was not the nearest available under the code provisions, he did not have jurisdiction; no mention of the distinction between jurisdiction and venue; no rationale; simply judicial fiat. Commonwealth v. Schubert, supra, and Commonwealth v. Koons, supra, are to the same effect. The question got to the Supreme Court in Commonwealth v. Muth, 397 Pa. 106 (1959), which affirmed the jurisdictional holding, in which the court made the following significant statements at pages 110 and 112:

(1) "These provisions are mandatory and *jurisdiction* depends upon their observance."

(2) "These *venue* provisions were inserted for the purpose of preventing oppression. They were designed to prevent officers from harassing motorists who violate the code by taking them to a magistrate at a distant point in the county, and also to prevent an improper alliance between the magistrate and the officer in the prosecution of violators." (Italics supplied.)

Is Muth, perchance, an example of the confusion previously mentioned? We are tempted to think so not only because of the mixture of terminology but also because of the complete absence in the Muth opinion of any mention or consideration of the basic principles of jurisdiction and venue. The Muth, Gill and Germsback decisions all collide with those principles which would make the nearest available magistrate provisions of The Vehicle Code a matter of venue rather than jurisdiction.

Muth not only presents a problem of legal principle, it presents a serious problem of public policy. Its cure of motorist-harassment and police-magistrate alliance has spawned a worse disease; the release of accused

violators without trial, and its by-products: disrespect on the part of the motorists for the rules of the road and public disrespect for law and the courts. There is something seriously wrong with any system or rule of law which repeatedly or frequently frees guilty persons or prevents the trial of a case on its merits. The relatively short, 15-day statute of limitations under The Vehicle Code has contributed.

The nearest available magistrate jurisdiction rule has thus done a poor job of balancing motorist convenience with the public need for effective law enforcement. The most reasonable approach is to regard place of trial as venue, and to afford the motorist a fair opportunity to object to being tried before the improper magistrate and to have his case transferred to the proper one. His objection, if he has any, should be made promptly at the hearing before the magistrate, because if he submits to the hearing without objection, or waives hearing before the magistrate, which magistrate acts is no longer of consequence. If the question is raised at the magistrate's hearing, the issue should be promptly certified to the court for decision and for transfer of the case if necessary to the proper magistrate. Such a system could have been legislatively provided; we believe it could also have been judicially provided by adherence to legal principles of venue and the transfer by the common pleas court of summary cases to the proper magistrate upon a timely request, in the exercise of the court's inherent powers. Unfortunately, neither course was taken until 1969 when Criminal Rule 155 was promulgated.

Fortunately, and significantly in terms of the considerations which have moved us in this case, the Supreme Court of Pennsylvania in fashioning Rule 155 has suspended the nearest available magistrate provisions of The Vehicle Code, has abolished the effect of

the Muth decision and has relegated the whole issue to one of venue where it properly belongs. Criminal Rule 155 provides as follows:

"(a) Objections to venue shall be raised in the Court of Common Pleas of the judicial district in which the proceeding has been brought, before completion of the preliminary hearing in a court case or before completion of the summary trial where a summary offense is charged, or such objections shall be deemed to have been waived.

"(b) No objection to venue shall be allowed unless substantial prejudice will result if the proceeding is allowed to continue before the issuing authority before whom it has been brought.

"(c) No criminal proceeding shall be dismissed because of improper venue. Whenever an objection to venue is allowed, the Court of Common Pleas shall order the transfer of the proceeding to the issuing authority of the proper magisterial district of the proper judicial district. If the proceeding is transferred to a magisterial district of another judicial district, the President Judge of the Judicial District to which the case is transferred shall be notified of such transfer."

The comment to Rule 154 states: "This Rule implements the provisions of Article V of the Constitution establishing that the matter of where a proceeding is to be brought is one of venue. See Constitution Article V, Section 10 and Schedule, Section 14."

Apparently the new Constitution, as interpreted by the Supreme Court in the exercise of its rule-making power, has mandated a return to first principles in the matter of jurisdiction and venue, and has discarded Muth. But Rule 155 applies only to justices of the peace elected under the new Constitution (Rule 151); it does not apply to old justices of the peace whose "jurisdiction" remains under the new Constitution

as it was under the old. Accordingly, Muth is apparently applicable to the old justices of the peace in motor vehicle cases, unless the court should find the spirit of the new Constitution and of Rule 155 sufficiently persuasive to bring about its overruling. See Salay v. Braun, 427 Pa. 480, 485.

It does not follow, however, that Muth, Gill and Germsback govern in non-vehicle cases such as shoplifting, even as to old justices of the peace, and we are not willing to extend them. Unless and until we are confronted with an appellate command to the contrary, they will be restricted to their precise holdings and will hopefully die a natural death with the old magistrates' system if not sooner repudiated.

We summarize our conclusions as follows:

(1) Every shoplifting prosecution must be filed before a magistrate, whether old or new, who was elected for the municipality in which the offense occurred. So-called unavailability of a justice of the peace will not be recognized as an excuse for improper filing; under our special assignment order of November 24, 1970, filed to November sessions, 1970, no. 1, miscellaneous docket, a properly qualified magistrate is available always and at any hour. All law enforcement personnel should become acquainted with the terms of that order and the procedure to be used in emergencies; laymen can be properly guided by calling any justice of the peace in the county, or his office, or the State Police.

(2) If a shoplifting prosecution is filed before the wrong magistrate, and if the objection to venue is made before the magistrate, we will transfer it to the proper magistrate for disposition if Rule 155 is applicable. If Rule 155 is not applicable, the justice of the peace should dismiss and the prosecution may then be brought before the proper magistrate. If the

magistrate does not dismiss, we will consider the case on certiorari.

(3) If a shoplifting prosecution is knowingly brought by a law enforcement officer before the wrong magistrate and if the objection to venue is properly raised requiring dismissal or transfer, consideration should be given to placing the costs of the improperly filed case upon the officer and not upon either the county or defendant. Law enforcement personnel, like courts, carry on their shoulders a public trust which they are expected to discharge in good faith; the first element in that trust is compliance with law on their own part. Those who would enforce the law must first obey it.

We, therefore, conclude that Justice Marenna had jurisdiction of this case but not venue, that venue was waived by defendant when he took the appeal and we, therefore, refuse defendant's motion to dismiss and pass to the merits of the case. Here, we have no difficulty in concluding beyond any doubt that defendant is guilty of violating the statute and we so find.

Finally, defendant complains of the sentence imposed upon him by the justice of the peace. The statute authorizes a fine of not less than $25 and not more than $500, or imprisonment of not less than five days nor more than 90 days, or both. The amount involved in this theft was $7, and defendant was sentenced to pay a fine of $500, plus $11 costs, and in default thereof was committed to the county jail for 30 days. At the hearing on the appeal, defendant's counsel characterized the sentence as harsh and unconscionable. We informed the parties that it is against the policy of this court, upon an affirmance of a summary conviction, to reduce the sentence even though it is one which we might not have imposed in the first instance; it is not in the interest of judicial policy to encourage appeals in order to obtain a reduced penalty from a

different judge. This is not, of course, such an absolute rule that we will blind ourselves to or permit gross injustice. We did not at the hearing explore fully the facts affecting the propriety of the sentence, but some of them were stated. We note the following:

(1) Defendant is an impecunious youth, and the financial burden of his fine falls upon his mother, who is not affluent;

(2) The amount involved in the theft was approximately $7;

(3) This was defendant's first offense;

(4) The fine imposed was the maximum allowed by law, which is the penalty intended for extreme violations or repeaters;

(5) The fine is grossly out of proportion to the penalty policies of this court in misdemeanors and felonies;

(6) In the issues of Somerset Daily American and Johnstown Tribune-Democrat for December 19, 1970, it is reported that the same justice of the peace imposed a substantially lower fine of $200 upon an employed adult for shoplifting involving about $6.

In an appeal from a summary conviction, it is our duty to try the case anew, to hear the evidence and arguments of counsel, and thereupon to enter such judgment as would be warranted under the law and the evidence (Commonwealth v. Alton, 209 Pa. Superior Ct. 168); accordingly, we are responsible for determining the sentence. The foregoing facts make it imperative that we inquire further into the fairness of the sentence imposed and to be imposed in this case.

Accordingly, we enter the following

## ORDER

Now, January 13, 1971, the conviction of defendant

for shoplifting is affirmed and we find defendant guilty as charged. The district attorney is directed to schedule the case for sentencing.