## Commonwealth v. English

*William Morgan*, for Commonwealth.
*Edward Petrillo*, for defendant.

WOLFE, P. J., March 4, 1971.—This case involves the interpretation of Pennsylvania Rule of Criminal Procedure 154 governing justices of the peace and other issuing authorities with respect to venue as applied to The Vehicle Code.

Defendant was charged on complaint and summons for violation of section 1027 of The Vehicle Code April 29, 1959, P. L. 58, in that he failed to stop and identify himself after involved in an accident.

The complaint was filed before District Justice of the Peace Martha Lawson on January 4, 1971, alleging the violation occurred on December 27, 1970.

As provided by Pennsylvania Rule of Criminal Procedure 155, defendant filed a motion to quash the complaint and summons prior to completion of the summary trial and advanced as his grounds the complaint was not filed before the nearest available magistrate in the municipality where the violation occurred as required by section 1201 of The Vehicle Code.

Defendant asserts, and the Commonwealth agrees, the alleged violation occurred in Sheffield Township, Warren County, and the nearest available magistrate to the scene of the accident would be John M. Miley, a "holdover" justice of the peace. Defendant, therefore, argues the charge lodged before Martha Lawson was improperly laid in that this magistrate does not have venue of the action.

Defendant may have been confused by reason of consolidation of two magisterial districts in Warren County. On August 21, 1970, Magisterial District 37-3-05, which encompasses Sheffield Township, was consolidated by order of this court and approved by the Supreme Court, with Magisterial District 37-2-01 which encompassed Warren Borough and to be thereafter known as Magisterial District 37-2-01. The net result of this left two justices of the peace in the same magisterial district, namely John Miley, elected prior to November 4, 1969, and Martha Lawson, elected on November 4, 1969, with her office in Warren Borough.

The significance of this is Rule 151 of Rules of Criminal Procedure relating to venue which provides that

rule 151 through rule 155, inclusive, shall be applicable only to an issuing authority elected or appointed on or after November 4, 1969. This rule was adopted January 31, 1970.

Considering the issue of venue in regards to The Vehicle Code and summary proceedings, rule 154(b) provides in cases where an arrest is made without a warrant for any summary offense, defendant shall be taken and the proceeding shall be brought either where the offense allegedly occurred, or before the issuing authority for any magisterial district which, in the judgment of the arresting officer, is most convenient to the place of the arrest without regard to the boundary lines of any magisterial district or county.

In conjunction with this rule is rule 155(a) and (b) pertaining to objections to venue in that no objection to venue shall be allowed unless substantial prejudice will result if the proceeding is allowed to continue before the issuing authority before whom it has been brought, and no criminal proceeding shall be dismissed because of improper venue and, if the objection is allowed, the Court of Common Pleas shall transfer the proceeding to the issuing authority of the proper magisterial district of the proper judicial district.

Defendant's interpretation is that rule 154(b) only applies when an arrest is made without a warrant, that is, on view, for any summary offense arising out of The Vehicle Code and does not, or cannot, apply when an arrest is made on complaint and summons, as in his case, as the Legislature has made no provisions for arrest on complaint and summons and, consequently, the court must apply section 1201 of The Vehicle Code, and, therefore, Magisterial Justice Lawson lacks venue as she admittedly is not the nearest available justice of the peace.

The Commonwealth argues rule 130 of the Rules

of Criminal Procedure suspended the Act of April 29, 1959, P. L. 58, sec. 1209, as last amended September 1, 1965, P. L. 448, sec. I, 75 PS §1201, as of May 1, 1970, effective on that date and, therefore, this rule suspends the provisions of The Vehicle Code relating to "the nearest available magistrate" if the proceeding is commenced before an issuing authority elected or appointed on or after November 4, 1969.

The Commonwealth also points out that there is no other procedure to give the "new Magistrates" venue in summary proceedings if defendant's position is adopted and thus, when the "holdover" justices are retired the Commonwealth will have no procedure to file a complaint and summons before any magistrate.

There can be no doubt prior to May 1, 1970, the provisions of section 1201 of The Vehicle Code made it mandatory that informations must be brought before the nearest available magistrate within the political subdivision where the alleged offense occurred: Commonwealth v. Schubert, 207 Pa. Superior Ct. 88 (1965); Commonwealth v. Muth, 397 Pa. 106 (1959); Commonwealth v. Fural, 47 D. & C. 2d 16 (1969) and Commonwealth v. Koons, 216 Pa. Superior Ct. 402 (1970). The Constitution of Pennsylvania, article V, schedule to Judiciary Section 14, requires the criminal procedure rules relating to venue to apply to magisterial districts and provides that all proceedings before aldermen, magistrates and justices of the peace must be brought in and only in a magisterial district in which occurs an event which would give rise to venue in a court of record.

The Criminal Procedural Rules Committee's comment to this constitutional mandate notes that rule 154, concerning venue, implements the provisions of

article V of the Constitution establishing the matter of where a proceeding is to be brought is one of venue.

Thus, we think defendant's interpretation of the effect of rule 154 is too narrow. This must be so when rule 1 delineating the scope of the rules is considered. Originally, this rule specifically deleted from the scope of the criminal procedure summary offenses arising out of The Vehicle Code of 1959, as amended. However, this rule was suspended and, effective May 1, 1970, rule 1 was reinstated and provided the scope of the criminal procedure rules shall govern criminal proceedings in all courts, including courts not of record with juvenile and domestic relations exceptions.

Rule 154(b) merely controls the procedure when an arrest is made without a warrant. There is nothing in the language of this rule that prohibits the Commonwealth from filing a complaint and summons before the district justice in the district where the alleged violation occurred.

The only case this court could find agreeing to this effect is Commonwealth v. Rapple, 49 D. & C. 2d 559 (1970), wherein the court denied defendant's argument that he had the right to have his case heard by the nearest available justice of the peace rather than the district magistrate in whose district the accident occurred. In this case, defendant was arrested and charged with violation of The Vehicle Code. The court ruled that since January 1, 1970, motor vehicle violations may be brought before the district magistrate in whose district the accident occurred, without regard to whether or not a "holdover" justice of the peace may be closer to the scene of the violation.

In that case, defendant was brought before the magistrate on information.

For the foregoing reasons, defendant's motion must be denied and the court enters the following:

## ORDER

And now, to wit, this March 4, 1971, defendant's motion to quash the complaint in summons is denied and the District Magistrate, Martha Lawson, is directed to proceed with the hearing. Exceptions noted to defendant.