## Commonwealth v. Blose

*R. Lee Ziegler,* for Commonwealth.

*Houck & Barron,* for defendants.

LEHMAN P. J. July 2, 1971.—Defendants have been charged with having committed various violations of the Game Law of June 3, 1937, P. L. 1225, as amended, 34 PS §1311.1, et seq., some alleged to have occurred in Granville Township and the others in Derry Township, Mifflin County, Pa. The violations charged consist of sales of parts of deer, transporting untagged deer, possessing deer in excess of the season limit, possessing parts of deer for sale or barter and killing an antlerless deer during the closed season.

The complaints for the violations alleged to have taken place in Granville Township were filed with Justice of the Peace Raymond C. Riley, whose office was in said township, in February 1966. Five of said complaints were against Ellsworth L. Blose (May term, 1966, no. 310), another complaint was against Ellsworth L. Blose and his brother, Maurice L. Blose (May term, 1966, no. 311), and three other complaints were against Maurice L. Blose (May term, 1966, no. 312).

Justice of the Peace Riley issued a total of six warrants for the arrest of Ellsworth L. Blose and a total of four warrants for the arrest of Maurice L. Blose for said violations, a separate warrant for each of said violations. Ellsworth L. Blose was arrested on each of said six warrants, each arrest being at a different time. Maurice L. Blose was arrested on each of said four warrants, each arrest being at a different time. Each defendant provided bail for a subsequent hearing before Justice of the Peace Riley.

The two complaints for violations alleged to have taken place in Derry Township were filed in February 1966 with Justice of the Peace Oscar F. Brush, whose office is in the Borough of Lewistown. Ellsworth L. Blose was charged with having committed these violations (May term, 1966, no. 313).

Justice of the Peace Brush issued two warrants for the arrest of the said Ellsworth L. Blose but the warrants were returned unexecuted, whereupon two summonses were mailed said defendant by certified mail, return receipt requested. Counsel for defendant, in his motion to quash before said justice, alleged, inter alia, that the justice improperly required defendant to give bail for a hearing in response to said summons, but the transcript of said justice contains no bail pieces and no reference to any bail having been given.

Defendants were represented by counsel at the hearing conducted by each justice of the peace. Written motions to quash were presented by counsel at said hearings, alleging that defendants were improperly served as provided by Rule 107 of the Pennsylvania Rules of Criminal Procedure and that the Commonwealth delayed in filing said complaints, thereby preventing defendants from having a speedy trial as guaranteed by article I, sec. 9 of the Con-

stitution of Pennsylvania and the fourth amendment of the Constitution of the United States. Three additional reasons in support of the motions to quash filed with Justice of the Peace Brush (May term, 1966, no. 313) were that said justice improperly required bail for hearing before him, that he failed to certify to the complaints and that he was not the nearest available magistrate. In each instance, the motions to quash were denied by the justices.

After hearing testimony from the Commonwealth witnesses, with no testimony being offered on behalf of defendants, defendants were found guilty as charged in all of said complaints and were sentenced by the respective Justices to pay the costs and fines as designated in the Game Law, and in default to undergo imprisonment for the periods of time as provided.

All of said complaints are now before us by virtue of writs of certiorari directed to said justices. Regrettably, there has been an inordinate delay in disposing of these matters caused, in large measure, by our not being provided with a brief from one of the counsel and failure to list for argument.

The exceptions to the transcripts may be summarized as follows:

1. That Justice of the Peace Riley failed to comply with Rule 107 of the Pennsylvania Rules of Criminal Procedure, which said rule provides for the mandatory use of a summons rather than a warrant where defendants are known residents.

2. That Justice of the Peace Brush failed to comply with Rule 111 of the Pennsylvania Rules of Criminal Procedure, which said rule provides that a summons shall be served either upon defendant personally or by registered mail, return receipt requested.[1]

---

[1] Effective May 1, 1970, rule 111 provides for service of the summons upon defendant by certified mail, return receipt requested.

3. That Justices of the Peace Riley and Brush were not the nearest available justices of the peace.

4. That Justices of the Peace Riley and Brush failed to comply with Rule 106 of the Pennsylvania Rules of Criminal Procedure, which said rule requires that a complaint be endorsed with the signed certificate of said justice.

5. That the transcripts of said Justices were not signed.

6. That the sentences imposed by Justices of the Peace Riley and Brush and the act of assembly upon which they are based are unconstitutional.

7. That by reason of the delay in the filing of complaints, defendants were not afforded speedy trials as provided by article I, sec. 9, of the Constitution of Pennsylvania and the Fourth Amendment of the Constitution of the United States.

We will discuss each of said exceptions after first noting that certiorari limits this court's inquiry to the regularity of the proceedings as shown by the record, provided the justice of the peace has jurisdiction and is not guilty of misconduct on his part. The sufficiency of the evidence is not reviewable on certiorari: Commonwealth v. Burall, 146 Pa. Superior Ct. 525, 22 A.2d 619. Every presumption consistent with the record must be made in favor of its regularity: Polis v. Raphael, 160 Pa. Superior Ct. 544, 52 A.2d 355; Commonwealth v. Fondak, 44 D. & C. 2d 337.

Rule 107 of the Pennsylvania Rules of Criminal Procedure, 19 PS Appendix, effective January 1, 1965[2] provides as follows:

"(a) If the complaint before arrest charges only

---

[2] Effective May 1, 1970, the above rule was suspended by order of the Supreme Court and a new rule bearing the same number became effective on that date.

a summary offense, the issuing authority shall issue a summons and not a warrant of arrest, except as provided in clause (b).

"(b) A warrant of arrest shall be issued only if:

"(1) The summons has been served upon and disobeyed by defendant;

"(2) The summons has been returned undelivered; or

"(3) The defendant is unknown, or a nonresident, or not known to be a resident and the issuing authority has reasonable grounds to believe that the defendant will not obey a summons.

"(c) This rule shall not apply to arrest on view."

Appended to said rule appear the following:

"*Note:* The Act of September 18, 1961, P. L. 1464, §§1-7, 19 PS §§12.1-7 is suspended by this rule. See Rule 128.

"*Comment:*[3] This rule provides for the *mandatory* use of a summons instead of a warrant in summary cases, unless the issuing authority has reasonable grounds to believe that a defendant will not obey a summons.

"This change of procedure is provided for because of the minor nature of the offenses and a belief (based upon experience with the Vehicle Code) that most defendants will obey a summons. It should be noted that this procedure is designed to eliminate arrests in the middle of the night and the necessity of posting bail for trivial offenses. See also Act of June 15, 1937, P. L. 1743, No. 368, §13, 42 PS§1113."

Our research has not disclosed any reported game violation case on the question of whether a warrant can issue prior to issuance of a summons where a summary offense is charged and defendant is known

---

[3]The words italicized in this text are in italics in the official printed Rules of Court for 1966.

to be a resident. However, rule 107 speaks in unmistakable language when in paragraph (a) it states that the issuing authority *shall* issue a summons and *not* a warrant of arrest, except as provided in clause (b). Clause (b) restricts the use of a warrant of arrest by again using the word "shall" and providing that a warrant of arrest *shall* be issued *only* upon certain conditions. (Italics supplied).

Since Justice of the Peace Riley, the issuing authority, admittedly issued no summons, the Commonwealth contends that said justice had reasonable grounds to believe that defendants would not obey a summons because each defendant had a criminal record.

Nowhere in the transcripts or warrants is there any such reason given for issuance of warrants of arrest, but rather the words: "Warrant issued upon recommendation of District Attorney."

The argument of the Commonwealth overlooks the first portion of (b)(3) and the use of the conjunctive "and." Clause (b)(3) permits the use of a warrant only where "defendant is unknown, *or* a nonresident, *or* not known to be a resident *and* the issuing authority has reasonable grounds to believe that the defendant will not obey a summons." (Italics supplied).

The Commonwealth concedes that both defendants have been residents of Granville Township for many years. The various complaints filed and warrants of arrest issued by the justices list their address as "R.D.2, Lewistown, Pa.," viz., Granville Township.

The Commonwealth cites the *comment* that follows rule 107. Admittedly there is a difference between the meaning of rule 107 and said *comment* because the latter would infer that while the use of a summons is *mandatory*, a warrant may be used if the issuing authority has reasonable grounds to believe that a defendant will not obey a summons. (Italics in officially printed rules).

But it is the rule that was adopted by the Pennsylvania Supreme and Superior Courts and not the comment. The following statement appears as a preface to said rules: "The Comments are not part of the Rules and have not been officially adopted or promulgated by the Supreme Court or the Superior Court."

Undoubtedly, rule 107 was designed to relieve and protect defendants from the ignominy, embarrassment and expense of an arrest for a summary offense without first affording a county resident ample time and opportunity to appear voluntarily for a hearing or to give bail.[4]

If the argument of the Commonwealth were adopted, rule 107 would be meaningless, because an issuing authority, without indicating in his warrant of arrest or transcript why he was not using a summons, could successfully contend he had reasonable grounds to believe defendant would disobey a summons, whether or not based on fact. In the instant case, in spite of the fact all complaints were lodged with Justice of the Peace Riley at the same time, he issued six warrants of arrest for Ellsworth L. Blose and four warrants of arrest for Maurice L. Blose, and the transcripts show each was executed at a different time. Defendants were required to give bail for hearing.

The Commonwealth also cites rule 108(b)(5) in support of its argument, but rule 108 relates only where the complaint charges an offense which is a court case as distinguished from a summary case.

We have a somewhat analogous situation with vehicle code summary offenses. Section 1202(a) of said code in 1947[5] provided that "the magistrate

---

[4]See note 2 in Commonwealth v. Henwood, 72 D. & C. 102, Sloane, J.

[5] The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §732.

shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice." It was held that the magistrate had no authority to issue a warrant for one charged with a summary violation of The Vehicle Code eight days after the filing of the information: Commonwealth v. Feyka, 62 D. & C. 353, 39 Mun. 254.

Somewhat similar language was retained in The Vehicle Code of 1959, sec. 1202 (75 PS §1202). In Commonwealth v. Warlow, 12 Lebanon 36, President Judge Gates recently held that section 1202 of said vehicle code constituted a jurisdictional mandate to magistrates to commence summary proceedings by mailing written notice of the filing of the information "at the address shown by the records of the Department," and that the use of the word "shall" renders this a condition precedent to the acquisition of jurisdiction over the subject matter, and the condition is not cured by the voluntary appearance of defendant or by his arrest. On certiorari, Judge Gates quashed the proceedings, citing, inter alia, Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 70 A.2d 700; Commonwealth v. Piper, 28 D. & C. 2d 560, and Commonwealth v. Bennett, 32 D. & C. 542, in support of the legislative intent in mandating this strict procedure, and Mills v. Commonwealth, 13 Pa. 627, 630, for the proposition that the administration of justice must be done in accordance with the law, or there is no jurisdiction.

President Judge Shughart, construing said section of The Vehicle Code, held that where the condition of written notice is not fulfilled, the magistrate acquires no jurisdiction over the person of defendant

and the proceedings are a nullity. An appearance under arrest on a warrant is not a waiver of defects in the notice: Commonwealth v. Piper, 13 Cumberland 19. The requirement for the notice to defendant before issuance of a warrant is mandated by the legislature by the use of the word "shall": Commonwealth v. Fickes, 11 Cumberland 175.

Where the justice failed to send by registered mail to defendant written notice of the filing of the information, together with a copy thereof and a notice to appear within 10 days of the date of the notice, prior to the issuance of the warrant, the motor vehicle summary conviction must be quashed. Service of the notice by a constable does not satisfy the requirements of the act: Commonwealth v. Foulk, 41 D. & C. 472, 33 Mun. 61 (Schaeffer, P. J.).

Under this section of The Vehicle Code, 10 days' notice to appear is essential, and a warrant cannot properly issue until after the 10-day period: Commonwealth v. Curry, 41 Luzerne L. Reg. 501 (Valentine, P. J.).

We note that some motor vehicle cases hold that proper notice is a condition precedent to the acquisition of jurisdiction over the subject matter while others hold that it is a necessary condition to acquisition of jurisdiction over the person. The distinction between these two views is ably set forth by President Judge Sheely in Commonwealth v. Maun, 68 D. & C. 288, wherein Judge Sheely adopts the latter view. We are of the opinion that defective notice results in the magistrate not having jurisdiction of the person of defendant. Regardless of which view one may take, defective notice, unless otherwise cured, is a fatal defect to the proceedings when before the court on certiorari.

We believe that these cases, interpreting the man-

date of notice by reason of the word "shall," provide us with some guidance for interpreting rule 107. The Vehicle Code requires written notice be given defendant prior to issuance of a warrant just as rule 107 requires written notice in the form of a summons before issuance of a warrant unless defendant is unknown, or a nonresident, or not known to be a resident, and the issuing authority has reasonable grounds to believe that defendant will not obey a summons.

Accordingly, we sustain the first exception as to all the prosecutions instituted by Justice of the Peace Riley (May term, 1966, nos. 310, 311 and 312), because he failed to comply with rule 107 by issuing warrants of arrest which were executed. The forced appearance of defendants before said justice by virtue of their arrests and their posting bail for hearing could not cure this defect: Commonwealth v. Warlow, supra; Commonwealth v. Piper, supra.

We overrule the second exception as to the prosecution instituted by Justice of the Peace Brush (May term, 1966, no. 313), because, although the transcripts show the issuance of warrants, they were never served and, instead, the transcripts show that the summonses were served by certified mail, return receipt requested in the one complaint, and certified mail was sent to defendant, but not accepted, in the other complaint. The transcripts show defendant appeared at the justice's office after being contacted by him. We hold this was a voluntary appearance and even though rule 111, at that time, required either personal service or service by registered mail, return receipt requested, of the summons, defendant Ellsworth L. Blose consented to the jurisdiction over his person: Commonwealth v. Maun, supra.

The third exception alleges that said justices were not the nearest available justices.

The pertinent portion of section 1202 of the Game Law of June 3, 1937, as amended, 34 PS §1311.1202,[6] provides as follows:

"All summary proceedings under the provisions of this Act shall be commenced by affidavit made within two years after the date of any violation before the nearest available magistrate, alderman or justice of the peace in any city, borough, incorporated town or township in the county."

It will be noted that this section does not provide, as does section 1201(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1201(a), that summary proceedings "be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred,[7] . . ." Instead, section 1202 of the Game Law provides that the complaint charging a summary offense be filed before the nearest available justice of the peace in that county to the situs of the alleged violation regardless of municipality: Commonwealth v. Preisnar, 36 D. & C.2d 334 (McKay, J.).

It cannot be questioned that the territorial jurisdiction of a justice of the peace extends throughout the county of his election. But the allegation that an offense has been committed within the territorial

---

[6] Rule 154 of the Rules of Criminal Procedure, effective July 1, 1970, suspends the provisions of The Vehicle Code, the Fish Law of 1959, and the Game Law relating to the "nearest available magistrate," if the proceeding is commenced before an issuing authority elected or appointed on or after November 4, 1969. See rule 130. Inasmuch as the proceedings before us were instituted before November 4, 1969, rule 154 cannot be considered in these cases.

[7] This section also contains exceptions not herein shown to be pertinent.

jurisdiction of a justice of the peace is not necessarily sufficient to establish that the justice had jurisdiction of the specific offense set forth in the information. The legislature may impose such limitations on the general territorial jurisdiction of all magistrates and justices of the peace in any class of summary proceedings, as it chooses: Commonwealth v. Gernsback, 167 Pa. Superior Ct. 106, 109, 74 A.2d 489.

The legislature imposed such limitation by requiring that all summary proceedings under the Game Law be filed before the "nearest available magistrate" in that county regardless of municipality.

It has been held that the provisions of section 1201-(a) of The Vehicle Code requiring summary proceedings to be brought before the nearest available magistrate are mandatory and that jurisdiction depends upon their observance: Commonwealth v. Koons, 216 Pa. Superior Ct. 402, 404, 268 A.2d 202, 203; Commonwealth v. Schubert, 207 Pa. Superior Ct. 88, 215 A.2d 287; Commonwealth v. Germsback, supra; Commonwealth v. Gill, supra; Commonwealth v. Muth, 397 Pa. 106, 153 A.2d 497. However, in dealing with the "jurisdiction" of the magistrate or justice of the peace, none of these cases makes the assertion that the provisions of the statute had to be laid in the information. See also Commonwealth v. Burall, supra, which affirmed the lower court's refusal to quash because, inter alia, the information did not disclose that the magistrate was the nearest available one.

We are satisfied that the provisions of section 1202 of The Game Law of 1937 requiring summary proceedings to be brought before the nearest available magistrate in the county are mandatory and that jurisdiction depends upon their observance: Commonwealth v. Preisnar, supra.

In all the proceedings filed against defendants

before Justices of the Peace Riley and Brush, the standard printed forms used by the Pennsylvania Game Commission consisting, inter alia, of game law violation complaint and summary conviction docket entry and transcript were utilized. Each transcript, in reference to the complaint that had been filed, after specifying the township where the alleged offense took place, states: *"Within the jurisdiction of this Court,* the said (naming defendant or defendants) wilfully and unlawfully did . . .," and after detailing the proceedings of the hearing, including testimony of the precise location of the offense, and finding defendant or defendants guilty "of having within 2 years, last past, to wit: (naming date and situs of offense)" states *"and within the jurisdiction of this Court,* unlawfully and wilfully" committed the alleged offense. (Italics supplied).

Thus, it will be observed that not only does each transcript allege that the offense took place in the respective jurisdiction of said justice, but each transcript states, after hearing, with the precise location of the offense set forth, that defendant or defendants committed the offense within said jurisdiction.

The jurisdiction referred to is that said justice was the nearest available justice of the peace in Mifflin County to the situs of the alleged violation, regardless of municipality: Commonwealth v. Preisnar, supra.

Furthermore, each complaint filed in these cases was in the form prescribed by Rule 105 of the Pennsylvania Rules of Criminal Procedure and complied with rule 104 relating to contents of complaint. Inasmuch as these rules govern the procedure to be followed in cases of this kind (see rule 1), if any other averment of jurisdiction were required in game law violations, these rules would have so specified.

With the adoption of rules 105 and 106, effective January 1, 1965, vehicle code cases relating to jurisdiction of the nearest available magistrate and what is required in the transcript relating to his jurisdiction, may no longer be of much value as precedent for Game Law violations. It was not until May 1, 1970, that the Pennsylvania Rules of Criminal Procedure applied to summary offenses arising under The Vehicle Code.[8]

We take judicial note of the fact that a portion of Derry Township adjoins the Borough of Lewistown. We believe there can be no question of the fact that Justice of the Peace Brush's office is nearest to the portion of Derry Township that adjoins the Borough of Lewistown.

No testimony was offered by defendants before either of the justices of the peace to prove that they or either of them were not the nearest available justice of the peace.

Accordingly, we hold that each justice was the nearest available justice for the proceedings brought before him and that the findings that said offenses were "within the jurisdiction of this Court" satisfied the requirements of jurisdiction. We overrule the third exception.

The fourth exception deals with the allegation that both justices failed to comply with Rule 106 of the Pennsylvania Rules of Criminal Procedure which requires that each complaint be endorsed with the signed certificate of said justice prior to the issuance of process. In support of this contention, counsel for defendants has attached to his praecipes for certiorari an affidavit executed by defendants to the effect that following their arrest they were taken before Justice

---

[8] Unless otherwise specially provided, these rules do not apply to summary cases in Philadelphia County. See rule 1.

of the Peace Riley who read the complaints to them, and that they observed that all of the complaints filed in his office failed to have his signature on the certificate. Counsel for defendants claims that Justice of the Peace Riley didn't certify the complaints until after process had issued.

Counsel for defendant, Ellsworth L. Blose, made an affidavit which he attached to his praecipe for certiorari wherein he avers that Justice of the Peace Brush did not certify the complaints in his two cases prior to hearings before him. Rule 106 provides for an endorsement on the complaint, prior to issuance of process, whereby the issuing authority (justice of the peace) is to certify that the complaint has been sworn to before him, that he believes the affiant to be a responsible person and that there is probable cause for the issuance of process.

We have carefully examined the records in these cases and find that the aforesaid endorsement certified by the respective justice of the peace appears on each complaint.

Counsel for defendants contends that the record of a justice of the peace, brought to a common pleas court on certiorari, can always be contradicted by parol testimony as to matters of want of jurisdiction of the justice or fraud of the justice upon defendant or the court. Prior to oral argument, counsel filed a written motion for leave to take depositions in support of the affidavits to which we have referred. After argument, we refused said motion.

To establish fraud or want of jurisdiction, the court of common pleas, on certiorari, may hear facts by affidavit, but not to show irregularity which would contradict the records: Wistar v. Ollis, 77 Pa. 291, 294. But in the instant case, the affidavits show no fraud on the part of the justice and no want of juris-

diction. All they tend to do is to contradict the records.

In a proceeding upon a writ of certiorari, the court is bound by the facts as set forth in the transcript of the justice of the peace and cannot consider other testimony: Atkins v. Flaherty et ux., 189 Pa. Superior Ct. 550, 152 A.2d 280, affirming the order of the lower court on its opinion, reported in 17 D. & C. 2d 143. In this case, the wife-defendant filed an affidavit denying service which was contrary to the averments of the justice as set forth in his substituted transcript.

Upon a certiorari to the justice, the only thing before the court of common pleas is the regularity of the proceedings as shown by the record, provided the justice has jurisdiction: Commonwealth v. Burall, supra.

Based upon the certifications that appear on each complaint, we overrule the fourth exception.

The fifth exception alleges that the transcripts of said justices were not signed. We are at a loss to see any merit to this exception, because every transcript in these cases was signed by the justice who filed it.

A justice of the peace has a duty by statute ". . . to make out a copy of his proceedings at large, and deliver the said copy, duly certified by him to the party requiring the same, . . . ."[9]

In addition, he is required to affix his seal of office to all transcripts.[10]

"The purpose of the statutes is to assure that the transcript is, in fact, a summary of the evidence as produced during the course of a hearing which can, and must, be relied upon by the court when brought

---

[9] Act of March 20, 1810, P. L. 208, 42 PS §761.
[10] Act of April 23, 1903, P. L. 290, 42 PS §144.

before it on a writ of certiorari": Commonwealth v. Fondak, supra, page 340.

These requirements were fully complied with and the fifth exception is overruled.

The sixth exception, alleging that the sentences imposed by the justices and as provided by the Game Law of 1937, upon which they are based, are unconstitutional. This exception was not pressed at argument and is accordingly overruled.

The seventh and final exception is that by reason of the delay in the filing of the complaints, defendants were not afforded speedy trials as provided by article I, sec. 9, of the Constitution of Pennsylvania and the Fourth Amendment of the Constitution of the United States.

This exception has no merit. Section 1202 of the Game Law of 1937, as amended, 34 PS §1311.1202 specially allows two years after date of violation to file an affidavit or complaint. It is common knowledge that considerable time often is required by officers to investigate alleged game violations. All complaints were filed within the statutory period of two years. This exception is overruled.

Inasmuch as we have overruled all exceptions except the first and have sustained the first exception, for the reasons hereinabove set forth we enter the following

## ORDER

And now, July 2, 1971, it is ordered, adjudged and decreed that the first exception be and is hereby sustained, all judgments of guilt and the sentences imposed thereon by Justice of the Peace Riley to May term, 1966, nos. 310, 311 and 312, be and are hereby set aside and costs in said cases shall be paid by the Pennsylvania Game Commission.

It is further ordered, adjudged and decreed that all

remaining exceptions be and are hereby overruled and the judgments of guilt and the sentences imposed thereon by Justice of the Peace Brush to May term, 1966, no 313, be and are hereby affirmed.

Exception is noted to counsel for the Commonwealth. Exception is noted to counsel for defendant, Ellsworth L. Blose.