## Commonwealth v. Smith

*David B. Hartman, Assistant District Attorney,* for Commonwealth.

*Dean A. Bowman,* of *Kimmel, Rascona, Yelovich & Bowman,* for defendant.

SHAULIS, *J.,* August 11, 1977—This is an appeal from a summary conviction for violation of a restriction as to speed under section 1002(b)(6) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1002(b)(6). On April 6, 1977, Pennsylvania State Police using a radar unit clocked defendant at 83 miles per hour in a 55 mile zone on U.S. Route 30, near Reel's Corner in Stonycreek Township. The elements of a radar conviction required by 75 P.S. §1002(d.1) are not at issue here. Compare, Commonwealth v. Jonnet, 414 Crim. 76, opinion dated December 14, 1976.

Instead, defendant offers a somewhat novel defense to the speeding charge in that he asserts he was justified because of a personal emergency. Defendant admitted he was speeding, but felt he was doing so in a careful manner since there was not much traffic and he had his car under control. He testified he was going from Latrobe to Baltimore, Maryland, and was in a hurry because he had to be in Baltimore by 9:30 p.m. to pick up money to meet his business payroll.

The speeding citation was issued at 6:15 p.m. and there was no testimony as to why he had left Latrobe so late or even at what time he had left Latrobe.

It is clear that defendant does not fall within the exception for emergency vehicles expressed in 75 P.S. §1002(f). Defendant apparently believes he falls within the general justification principles of the Crimes Code of December 6, 1972, P.L. 1482. 18 C.P.S.A. §503 reads:

"§503. Justification generally

"(a) General rule.—Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

"(1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

"(2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

"(3) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

"(b) Choice of evils.—When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability."

Section 503 is derived from §3.02 of the Model Penal Code.

The scope of the justification defense is not limited to cases where the evil sought to be avoided is death or bodily injury. The comments to the Model Penal Code discuss various situations where otherwise unlawful conduct may be justified. For example, "a speed limit may be violated in pursuing a suspected criminal; an ambulance may pass a traffic light." See Model Penal Code, Tentative Draft no. 8, pages 7-9. It is obvious to us that the actions of defendant here simply are not the type the legislature intended to justify by adoption of section 503.

We have not been cited nor have we found any cases on point. However, we have found two cases in which dicta does support our conclusion.

Commonwealth v. Koons, 216 Pa. Superior Ct. 402, 268 A. 2d 202 (1970), involved appeal of a summary conviction for speeding. Although the Superior Court remanded for consideration of the "nearest available magistrate" rule, it said: "Appellant also contends that he has a valid excuse for his admitted violation of the speed limit in that he was being pursued by an unknown party and feared for his safety. As appellant himself concedes, however, such excuse, even if credible, does not present a legal defense." 216 Pa. Superior Ct. at 405.

Commonwealth v. Thompson, 13 Pa. Commonwealth Ct. 162, 318 A. 2d 408 (1974), involved suspension based upon accumulation of points, the final points coming from a speeding conviction. The Commonwealth Court said that even if there was evidence to support defendant's claim that he was unaware of his speed because of a malfunctioning speedometer, it would be no defense. The court added that "the absence of heavy traffic or the fact that the violation occurred on a downgrade in a desolate section of the highway [does not] warrant a driver to exceed the posted speed limit." 13 Pa. Commonwealth Ct. at 163, n.1. See also: Commonwealth v. Pison, 2 Pa. Commonwealth Ct. 522, 279 A. 2d 84 (1971).

We conclude that the present case presents no extenuating facts and circumstances of an emergency nature which would justify defendant's exceeding the posted speed limit by 28 miles per hour. Compare Commonwealth v. Toole, 9 Pa. Commonwealth Ct. 202, 304 A. 2d 177 (1973).

## ORDER

Now, August 11, 1977, we find defendant guilty as charged.